In re Peggy Ann McFARLAND, Debtor.

SOUTHERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF ATLANTA, Plaintiff,

v.

Peggy Ann McFARLAND, Defendant.

Bankruptcy Nos. 81–04610A, 81–02734A. Adv. Nos. 81–2155A, 81–1667A.

United States Bankruptcy Court, N. D. Georgia.

Jan. 21, 1982.

---

David H. Robertson, Ware, Parker, Johnson, Cook & Dunlevie, Atlanta, Ga., for plaintiff.

Paul C. Parker, Decatur, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The Defendant in the above-styled adversary proceeding, Peggy Ann McFarland (hereinafter "Defendant") filed a Chapter 13 case under the Bankruptcy Code on July 2, 1981. Her attorney of record was Paul C. Parker. On September 3, 1981, the Plaintiff Southern Federal Savings and Loan Association of Atlanta (hereinafter "Plaintiff") filed an adversary proceeding seeking relief from the automatic stay provisions of 11 U.S.C. § 362(a). At a preliminary hearing on September 16, 1981, the Court directed the Defendant to provide proof within 48 hours of fire and extended coverage insurance on her residence with a loss payable clause in favor of Plaintiff, the mortgagee, or the stay would be lifted. The final hearing on the adversary proceeding was then continued to the hearing on confirmation of

the plan scheduled for October 27, 1981. On Tuesday, October 27, 1981 at the hearing on confirmation of the plan, evidence was shown that no proof of insurance had been provided as previously ordered. Nor was any proof of insurance shown at the hearing; the Defendant merely offered a copy of an application for insurance. The debtor was operating a dog care and breeding facility out of her residence and such was her fragile and instable source of income. No proof was shown that the plan could be complied with to pay the secured creditor as proposed. The Court denied confirmation of the plan and orally announced that the stay against Southern Federal was lifted for failure of debtor to comply with the prior order and insufficient showing of financial resources to support the plan. The Plaintiff's attorney was directed to prepare a written Order.

The attorney for the debtor asked the court whether the order of denial of the plan and termination of the stay would also dismiss the case. The court responded that the case was not being dismissed automatically by the order of termination of the stay but that upon the order of denial of the plan, the Clerk of Court would routinely prepare an order of dismissal of the Case in the absence of an intervening amended plan or motion for conversion to Chapter 7. 11 U.S.C. § 1307(c)(4); Bankruptcy Rule 13–112(a).

On Wednesday, October 28, 1981, the Defendant through her attorney, Paul Parker, filed in this Court a Motion to Dismiss, without prejudice, her Chapter 13 Case No. 81–02734A. Such motions of debtors are forthwith allowed dismissed as a matter of right of the debtor without discretion of the Bankruptcy Judge. 11 U.S.C. § 1307(a), (b), 3 *Norton Bankruptcy Law and Practice*, Part 70, Conversion or Dismissal, # 70.05, for 7–9.

On Thursday, October 29, 1981, an Order was entered by this Court in Adversary Proceeding No. 81–1667A terminating the stay and authorizing Plaintiff to foreclose its security interest in the residence of the Defendant known as No. 3825 State Route # 5, Marietta-Powder Springs Highway, Powder Springs, Cobb County, Georgia;

On Monday, November 2, 1981, the Defendant filed in this Court a new petition for a Chapter 13 case (Bankruptcy Case No. 81–04610A). Her attorneys of record in this case were Clark & Rubin, P.C. As a result of this second filing, the stay provisions of 11 U.S.C. § 362(a) were once again in effect.

On Tuesday, November 3, 1981 at an ex parte hearing, counsel for the Plaintiff informed the Court that they had notified Clark & Rubin by telephone at about noon of their intention to present an Adversary Proceeding and Motion to this Court to lift the new stay in the new Chapter 13 case to permit the Plaintiff to complete the foreclosure sale at the Courthouse scheduled on that first Tuesday of the month. Counsel for Plaintiff informed the Court that Clark & Rubin had stated that no attorney for the debtor would be present. This Court entered an Order in Adversary Proceeding No. 81–2155A at 1:30 P.M. on November 3, 1981, modifying the stay to permit the Plaintiff to foreclose its security interest in the secured property on that date.

On November 12, 1982, an Order of this Court was entered dismissing Case No. 81–04610A. On November 13, 1981, an Order of this Court was entered dismissing Case No. 81–02734A per the Motion of Debtor of October 28, 1981 (The Clerk's Office prepared such dismissals routinely as promptly as possible). On November 17, 1981, at 1:30 P.M., this Court held a hearing in Chambers on request of Clark & Rubin, Counsel for Defendant, to hear Defendant's Complaint to Set Aside Foreclosure allowed on November 3, 1981, in Case No. 81–04610A, and to grant temporary injunction staying a state court dispossessory warrant. Also, the debtor filed a Motion to Reinstate Case No. 81–04610A. Counsel for the Plaintiff, Counsel for the Defendant and the Defendant were present and heard. The Defendant's attorney argued that the filing of the second Chapter 13 petition entitled the Defendant to an Order of relief and automatic stay and termination of the prior Order

granting relief from the stay in the prior Chapter 13 Case. Defendant's attorney further argued that debtor was entitled in the second Chapter 13 Case to a reasonable time for the Defendant to present a plan to save the residence from foreclosure, despite the pendency of the prior Chapter 13 case for 138 days, and despite the hearings held in the prior adversary proceeding and on confirmation of the plan, and despite the prior Order of the Court in the prior Case on the prior evidence and circumstances presented.

■ The Court re-announced its ruling previously made at the ex parte hearing on Tuesday, November 3, 1981, *to wit*: that, where one Chapter 13 petition is filed shortly after termination of the stay and dismissal of another prior Chapter 13 petition, and where termination of the stay and dismissal of the first Case was by an Order, the Order, not appealed from, terminating the stay to permit a foreclosure, is presumptuously appropriate and correct. Therefore, where a creditor files a complaint for relief from the effects of a second automatic stay in a second Chapter 13 Case filed in close proximity to a prior dismissed Chapter 13 Case in which that creditor had been granted relief from the prior stay, the debtor has the burden to show a change of conditions and financial resources which have occurred since the prior hearing and Order terminating the stay. These changed circumstances must demonstrate to the Court that it is likely that a plan can be confirmed in a short time and that in the meantime, it is unlikely that the creditor will be harmed by the subsequent automatic stay. In the absence of such a showing of improvement of debtor's financial condition, resources and capacity here,

IT IS HEREBY:

ORDERED that Defendant's Motion to Reinstate Case is denied; and it is

FURTHER ORDERED that the relief sought in Defendant's Complaint To Set Aside Foreclosure, and Temporary Injunction Staying Dispossessory Warrant is denied; and it is

FURTHER ORDERED that the exercise by Plaintiff of its Power of Sale, in reliance on the above-referenced Orders of this Court, entered October 29, 1981 and November 3, 1981 is hereby approved.

■ The attorney for the debtor requested the Court for direction as to this court's policy on subsequent filings of Chapter 13 petitions closely following prior dismissed Chapter 13 Cases. In respect to sequential Chapter 13 petitions, filed very shortly after a prior unsuccessful Chapter 13 Case, it is the view of the undersigned that it is incumbent upon attorneys for debtors to closely inquire and determine the true intent and honesty of purpose of the debtor's new petition and the financial capacity to consummate a plan and overcome the prior reasons for termination of a stay and/or dismissal. The attorney should determine whether the subsequent petition is only to hinder and delay the scheduled foreclosure and thwart the prior orders of the court, and whether there has been an improvement in a debtor's financial condition and resources which would be sufficient to overcome the presumption that prior Orders of the Court in the previous case have continuing efficacy. The automatic stay may not be abused to thwart prior proper orders of the court absence demonstrated change of conditions. While automatic, the stay is not permanent and is not automatically continued upon a showing of demonstrated abuse and harm to a party in interest.

■ Thus, upon a proceeding initiated by a party in interest, the subsequent Chapter 13 Case may face an early termination of the automatic stay and dismissal as being a frivolous abuse of the Bankruptcy Code. Furthermore, the debtor and/or the attorney for the debtor may be faced with an assessment of litigation costs and damages of a creditor who may be harmed by such subsequent frivolous filing. Furthermore, debtor's attorneys, in such subsequent frivolous filings which fail to benefit the Debtor, may be required to refund attorney fees to the debtor.