Scott SWANSON, Plaintiff–Appellant,

v.

Van B. SWINDALL and Shirley A. Swindall, Defendants–Appellees.

No. 02–2763.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 24, 2003.

Decided April 18, 2003.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Scott Swanson filed a complaint in the district court detailing a dispute with Van and Shirley Swindall concerning real property subject to bankruptcy proceedings. Swanson claimed, *inter alia*, that the Swindalls violated the automatic stay of Swanson's bankruptcy action in contravention of 11 U.S.C. § 362(a)(3) & (h). The district court dismissed Swanson's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On appeal, in an unpublished order this Court vacated and remanded the district court's dismissal of the automatic stay action. This successive appeal arises from a summary judgment in favor of the Swindalls with respect to Swanson's § 362 claim.

In 1992, Swanson purchased certain real estate and business assets from the Swindalls through a contract for sale with a corresponding security agreement. In 1996, after Swanson had defaulted on his payments and abandoned the real estate, the Swindalls brought suit in Indiana state court ("the State Court action") alleging breach of contract and seeking prejudgment possession of the real estate. In August of 1997 Swanson filed for bankruptcy. Pursuant to the automatic stay, the Swindalls ceased any further activity in the State Court action. That October the Swindalls were granted relief from the automatic stay and proceeded with their action against Swanson in Indiana state court. In November a receiver took custody of the real estate and after a hearing the Swindalls were granted immediate possession of the property due to Swanson's refusal to cooperate with the receiver's efforts to winterize the property and restore utilities. When the Swindalls took possession of the real estate, they found that almost all of the furniture, clothing, and other personal property had been removed from the premises except various items left in the basement, including shotguns, rifles, tools, a concrete mixer, and other odds-and-ins. In March of 1998, after the Swindalls' motion for summary judgment was granted in the State Court action, the Swindalls requested Swanson retrieve his personal property but Swanson refused. Swanson's bankruptcy action was dismissed in April of 1998. After the Swindalls were awarded damages of $325,550.94 in the State Court action, pursuant to a court order the personal property left in the basement was sold at a Sheriff's sale in July of 1998 and the proceeds were applied towards the satisfaction of the Swindalls' judgment.

## DISCUSSION

This Court reviews the district court's grant of summary judgment *de novo*. *Campbell v. Towse*, 99 F.3d 820, 826 (7th Cir.1996). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and ... demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324. Swanson, the non-movant, failed to

file a response to the Swindalls' motion for summary judgment. As a result, all properly supported material facts set forth by the Swindalls are deemed admitted. See Local Rule 56.1(a), Southern District of Indiana; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir.1994). Swanson acknowledges this, and is content to rely on the facts as set forth by the Swindalls. Thus the question before this Court is whether the Swindalls are entitled to summary judgment as a matter of law. *Albiero v. City of Kankakee*, 246 F.3d 927, 931 (7th Cir.2001).

The Bankruptcy Code creates a private right of action for the violation of an automatic stay, a statutory injunction against debt-collection efforts outside of the bankruptcy proceedings. 11 U.S.C. § 362(a) & (h); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 913 (7th Cir.2001). A creditor may not act "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" subject to an automatic stay. 11 U.S.C. § 362(a)(3). The district court granted summary judgment after considering the facts in several different lights, ultimately concluding that because the personal belongings were not sold until June of 1998–more than two months after the bankruptcy was dismissed and the automatic stay was thus lifted in its entirety-no violation of the automatic stay occurred. The district court also ruled that no violation occurred as a result of the Swindalls' pursuit of a writ of execution prior to the dismissal of Swanson's bankruptcy because that action was permitted by the modification of the automatic stay.

Swanson argues that the Swindalls willfully violated, as a matter of law, the automatic stay still in effect for his personal property after they took possession of the real estate. In particular, Swanson alleges that the Swindalls exercised control over his personal belongings he left in the basement prior to the time that Swanson's bankruptcy was dismissed. As examples of the Swindalls' exertion of control over Swanson's personal property are the Swindalls' unsuccessful attempts to persuade Swanson to retrieve the property, including when the Swindalls contacted Swanson after the state court granted their motion for summary judgment and when Swanson appeared at the property and was requested-but refused-to remove his belongings, and the Swindalls' restoration of utility services on the real estate. Without providing any detail, Swanson also accuses the Swindalls of violating three state court orders directing them to return the personal property to Swanson.

Contrary to Swanson's assertion the record fails to reflect that the Swindalls were ordered to return the personal property to him. Instead, the November, 1997, order granting the Swindalls immediate possession of the real estate also directed the Swindalls to retain the personal property pending further court orders. Furthermore, Swanson cites no authority for the proposition that a creditor has an affirmative duty to return a debtor's personal property, subject to an automatic stay, that is discovered on real estate of which the creditor has lawfully taken possession pursuant to a post-petition court order. Swanson cites *In re Abrams*, 127 B.R. 239, 243 (9th Cir.BAP 1991), for the proposition that "the duty to insure post-petition return of the property lies with the entity in possession of the property." The duty outlined in *Abrams* is inapposite to the present dispute because that duty arises at the time the bankruptcy petition is filed, not when a creditor inadvertently takes possession of personal property stored on the real estate, when he takes possession thereof, which was the subject matter of the lifted stay. Swanson has cited no cases holding that such a duty exists, nor

has our examination of the case law revealed an established duty to return personal property inadvertently acquired during the period of the automatic stay.

Essentially, Swanson is relying on § 362(a)(3) to undermine the bankruptcy court's order lifting the automatic stay and the subsequent state court's order granting the Swindalls immediate possession of the real estate. Equity precludes this Court from adopting Swanson's argument: "The automatic stay may not be abused to thwart prior proper orders of the court [absent a] demonstrated change of conditions." *In re McFarland,* 17 B.R. 242, 245 (Bankr.N.D.Ga., 1982). The undisputed evidence establishes that while the automatic stay was in effect, Swanson's personal property remained on the property precisely where it had been left by Swanson. Moreover, there is no evidence that the Swindalls interfered with Swanson's access to his personal property at any time. Swanson does not allege that the Swindalls acted outside of the scope of the state court order when they took possession of the real estate after the automatic stay was lifted with respect to the real estate, nor does Swanson dispute the validity of the subsequent sale of his personal property after the bankruptcy was dismissed. To the contrary, the record suggests that the Swindalls pursued an avenue of relief exactly as envisioned by the bankruptcy code: (1) Upon the filing of Swanson's bankruptcy the Swindalls ceased all collection activities; (2) the Swindalls sought relief from the automatic stay with respect to assets in which the Swindalls had a security interest; and (3) after the automatic stay was lifted, the Swindalls renewed their collection activities in state court. Accordingly, the district court's or-

der granting summary judgment to Van and Shirley Swindall is AFFIRMED.