**In re Karen Marie ARTISHON, and Gene G. Artishon, Debtors.**

**Bankruptcy Nos. 4–84–351, 4–84–558.**

United States Bankruptcy Court, D. Minnesota.

May 21, 1984.

---

Frederic Bruno, Minneapolis, Minn., for Karen Artishon.

Curtis Walker, Walker & Barnes, P.A., Minneapolis, Minn., for Gene G. Artishon.

Timothy Hassett, Franke, Riach & Franke, P.A., Roseville, Minn., for movant Knutson Mortg. & Financial Corp.

## ORDER DENYING RELIEF FROM AUTOMATIC STAY

MARGARET A. MAHONEY, Bankruptcy Judge.

A hearing was held before the undersigned on May 10, 1984 on the motion of Knutson Mortgage and Financial Corporation for relief from the automatic stay to foreclose a mortgage against the debtor. Timothy Hassett of Franke, Riach and Franke, P.A., represented the movant Knutson and Curtis Walker of Walker and Barnes P.A. represented the debtor, Gene Artishon. Karen Artishon appeared. Her attorney, Frederic Bruno, was unavailable. Based on the writings in the file and the arguments of counsel, the Court finds the following:

### Facts

Gene G. and Karen Marie Artishon filed for joint Chapter 13 relief in this Court on November 18, 1982 in case BKY 4–82–2079. At the time of the filing movant was mortgagee of a real estate mortgage, of which Gene Artishon was mortgagor on property legally described as:

> "Lot 12 and the Northwesterly ½ of Lot 13, Block 1, Palmer's Addition to Minneapolis, according to the plat thereof on file or of record in the office of the Registrar of Deeds, in and for Hennepin County, Minnesota."

The Artishons' Chapter 13 plan provided for them to maintain payments on the movant's mortgage during the Chapter 13 case and to cure an existing default on the mortgage through regular payments to the Chapter 13 trustee. On December 13, 1983, movant sought and received from this Court, Robert J. Kressel presiding, an order modifying the automatic stay on the joint case. That order, based at least in part upon the stipulation of the parties to the effect that the pre-existing default had not been completely cured and that current payments had not been made on the mortgage, modified the stay to allow movant to foreclose its mortgage. Judge Kressel stayed the effective date of the order for a period of 30 days from December 13, 1983.

On December 15, 1983, Gene and Karen Artishon voluntarily dismissed their joint Chapter 13 case. Gene and Karen Artishon have separated and begun divorce proceedings. Karen Artishon filed for Chapter 7 relief in this Court on March 2, 1984 and Gene Artishon filed this Chapter 13 relief case on March 30, 1984.

Since the dismissal of the joint Chapter 13, the situation of the debtors has changed significantly. Gene Artishon lives on the property with the three minor children of the couple and is receiving $200 per

month child support. He is also currently employed at two jobs.

Gene Artishon's current Chapter 13 plan proposes again to maintain current payments on the mortgage and to cure existing defaults within a reasonable time. The plan has not yet been confirmed and a hearing on the confirmation is scheduled for June 7, 1984. Movant brought this motion asserting that Judge Kressel's order modifying the stay operates as a bar to any defense to the relief from stay action by both Gene Artishon and Karen Artishon in their pending bankruptcy cases.

### Discussion

The issues present here are as follows:

1. Whether the earlier order granting relief from the stay operates as res judicata as to that issue and these parties to the extent that this Court should grant relief from the stay based on that earlier order.

2. If not, whether relief from the automatic stay is proper under these circumstances.

### Preclusion

Movant does not assert that the current payments on the mortgage are not being made. Rather, the "cause" for relief is based on the earlier order granting relief from the stay in the joint case. Movant seeks to impose res judicata or "claim preclusion" to bar the debtors from asserting any defense to movant's relief from stay action. That doctrine bars the parties to a final judgment on the merits of an action from relitigating the issues which were raised or could have been raised in the initial action. *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1876); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). I am convinced for several reasons that Judge Kressel's order modifying the stay in the earlier Chapter 13 case is not res judicata as to Gene Artishon and his refiled Chapter 13 case.

■ Res judicata requires a final judgment on the merits of an action before either party is precluded from raising issues that were or could have been raised in the initial proceeding. Judge Kressel's or-

der was essentially a court approval of a consent decree entered by the parties rather than a determination by a court following litigation on issues tried fully and fairly. As such, I am not convinced the precepts of res judicata apply:

> "Consent Judgments entered upon settlement by the parties may assume forms that range from simple orders of dismissal with or without prejudice to detailed decrees. Whatever form is taken, the central characteristic is that the court has not resolved the substance of the issues presented."

Wright, Miller & Cooper, *Federal Practice & Procedure,* § 4443, pg. 383, West (1981). In determination of the effect to be given an earlier consent judgment, the intent of the parties is the key:

> "However close the examination may be, the fact remains that it (consent decree) does not involve contest or decision on the merits. Instead, the judgment results from a basically contractual agreement of the parties. It can be entered only if the parties have in fact agreed to entry, it is to be enforced in accord with the intent of the parties, and it can be vacated according to basically contractual principles of fraud, ignorance, mistake, or mutually contractual principles of fraud, ignorance, mistake, or mutual breach."

*Id.* at 383.

That the parties requested a stay of the order shows their intent at that time, to treat the order as a nonfinal one, at least until the end of the 30 day stay. The reason for the requested 30 day stay is not clear. It may have been to allow the debtors time within which to either cure the default or find a buyer for the property. The order not being a final and enforceable one, it became mooted upon the dismissal of the Artishons' chapter 13 case and never did become a full and final determination on the merits so as to allow imposition of res judicata.

Even if Judge Kressel's order is seen as "final" it is final only as to the issues which were raised or could have been

raised in that proceeding. That order does not state the basis for the granting of the relief sought. The stipulation signed by the parties upon which Judge Kressel apparently based the order states the debtors were in default in the amount of $2,745.90 as of the date of the stipulation, having missed nine post-petition payments.

The delinquencies were probably cause for relief from the stay under 11 U.S.C. § 362(d)(1), but that issue was never decided as it was never really presented to that Court. Nor did that order address the heart of a relief from stay to foreclose a mortgage in a chapter 13—whether the debtors had any equity in the property and whether the property was necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). As the parties agreed to a resolution short of hearing, those issues—cause, equity, and necessity for reorganization—were never before that Court, and due to the settlement poise of the litigation they could not have been before that Court. Therefore, res judicata does not bar this Court from examining the merits of movant's request for relief from the automatic stay.

### 362(d)(1)—Cause

■ As the cause of relief from the stay was not tried in the earlier court, it is properly before this Court. I find that no cause exists here. Gene Artishon has demonstrated, through his affidavit, the ability to quickly cure any existing default and to keep his current Chapter 13 plan. Mere existence of default does not constitute cause for relief from the automatic stay. The debtor has shown Knutson's interests are adequately protected. Gene Artishon is in a position to pay $1,500.00 immediately on the defaulted amount and to keep the payments current while quickly curing the existing default.

### § 362(d)(2)(A)—Equity

That no cause for relief from the stay exists is buttressed by the huge amount of equity present in the debtor's property. The property has been valued at between $65–$70,000. Liens against the property, including movant's mortgage, total less than $28,000. Thus, movant's interest is more than adequately protected by the debtor's equity. To remove this property from the debtor at this time and under these changed circumstances would not be justified.

### § 362(d)(2)(B)—Reorganization

Debtor has stated in his affidavit, and movant has not rebutted the contention that the homestead is necessary for reorganization as debtor has custody of minor children and wishes to provide a stable environ for them and himself. I find the property is necessary for a successful Chapter 13 reorganization. Therefore, relief from the stay must be denied.[1]

### Successive Filings

The practical effect of the res judicata arguments presented by the movant is a declaration by the Court that the earlier stay relief was not mooted by the dismissal of that case but survives the dismissal of the earlier case and prevents the reimposition of the stay in the subsequent Chapter 13 filed by Gene Artishon. That argument ignores the clear intent of Congress to impose the automatic stay upon *every* bankruptcy filing. Note the operative word "automatic". This Court is not in the position to pick and choose which cases have the stay and which do not. It is axiomatic that the stay applies upon a bankruptcy filing.

The parties have couched their automatic stay arguments in terms of determination of the good or bad faith of the debtor in dismissing and refiling his petition for bankruptcy. I am not convinced that a relief from stay hearing is the proper procedural context for such a determination but will address that issue in brief.

---

1. As Gene Artishon has proposed to cure the entire default and to maintain all current payments, he has assumed total responsibility for the mortgage. As relief from the stay is not proper in his case, it must be denied in Karen Artishon's case also.

The cases argued by counsel at the hearing are educational in this context. *In re Johnson*, 708 F.2d 865 (2nd Cir.1983), and *In re Bystrek*, 17 B.R. 894 (Bkrtcy.E.D. Pa., 1982) deal with the preclusive effects of an earlier relief from stay in the context of a successive bankruptcy filing. In determining whether a subsequent filing was in "good faith", the court must look to the existence of changed circumstances on the part of the debtor to justify both the earlier defaults on the first plan and need for the debtor's second bankruptcy filing. *Johnson, supra.* Where the second filing was for the purpose of defrauding and delaying creditors, such will be seen as filed in bad faith and not countenanced by the Court and thus no protection of the stay is afforded. *Bystrek, supra.*

As noted earlier, the debtor Gene Artishon's circumstances have changed significantly to the extent that both the earlier dismissal and subsequent refiling are both justified. Any argument of bad faith in his activities is waylaid by an examination of the marital and custodial status of the parties, his current status on the mortgage since the refiling, and his demonstrated ability and willingness to repay. A simple comparison of the obvious intent of the parties in the cited cases as compared with this debtor's apparent intent establishes at least a prima facie case of good faith.

Movant is not foreclosed from arguing bad faith in refiling. The hearing on the debtor's plan is scheduled for June 7, 1984 and one of the grounds for denying confirmation is a bad faith filing. 11 U.S.C. § 1325(a)(3). Failure to obtain confirmation is grounds for dismissal and need for relief from stay becomes moot upon dismissal.

The impending hearing on the plan would seem bar any arguments of the debtor continually filing, dismissing and refiling in order to defeat his creditors. Such would be bad faith and would result in sanctions against the debtor. Thus, movant's interests are presently well protected.

## Conclusion

Res judicata does not bar the imposition of the automatic stay upon the filing of this Chapter 13 case. The order in the previous bankruptcy case was a consent judgment which was not a final judgment on the merits of the issues presented. Even if seen as such a final judgment on the merits presented, as a consent judgment, several key issues were never presented to that court and are not therefore precluded from consideration in this Court.

The interests of the movant are adequately protected by the debtor's proposed Chapter 13 plan and the proposed payments to be made to movant outside that plan. Therefore, relief from the automatic stay is denied.