**In re Samuel Preston GRAY a/k/a Samuel P. Gray, Debtor.**

**Bankruptcy No. 84 B 20243.**

United States Bankruptcy Court, S.D. New York.

July 12, 1984.

S. Simpson Gray, P.C., Mount Vernon, N.Y., for debtor.

Joseph A. Lichtenthal, White Plains, N.Y., for Adm'r of Veterans' Affairs.

### DECISION ON MOTION TO LIFT/VACATE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Administrator of Veterans' Affairs has moved for an order dismissing this Chapter 13 case, or, in the alternative, vacating the automatic stay imposed under 11 U.S.C. § 362.

The debtor, Samuel P. Gray, originally filed with this court a petition for relief under Chapter 13 of the Bankruptcy Code on May 14, 1981. After filing five amended plans during the course of the case, the court entered an order on November 4, 1982, converting the case for liquidation under Chapter 7 of the Bankruptcy Code.

The Ninth Federal Savings & Loan Association, as mortgagee of real property owned and occupied by the debtor as his residence, had obtained an order from this court dated June 21, 1982, authorizing relief from the automatic stay for the purpose of foreclosing its mortgage. On August 3, 1982, a judgment of foreclosure and sale was entered against the debtor in the New York Supreme Court, Westchester County. The Veterans Administration was guarantor of the mortgage and the amount owed under the judgment of foreclosure, namely $36,327.70. The Veterans Administration paid the Ninth Federal Savings & Loan Association the amount due under the guarantee and then acquired title to the property in question in the name of the Administrator of Veterans' Affairs pursuant to a deed that was recorded on February 14, 1983.

In order to reduce losses, the Veterans Administration attempted to resell the property to the general public, with no requirement as to veteran status. However, the debtor continued to occupy the premises and would not remove voluntarily. The Veterans Administration obtained a Writ of Assistance from the New York Supreme Court, Westchester County, dated March 22, 1984, directing the Sheriff of Westchester County to remove the debtor from the premises in question. An order of eviction was issued on April 6, 1984, which the debtor appealed to the New York Appellate Division, Second Department. The debtor made a motion to the Appellate Division, Second Department, requesting a stay of the eviction pending the appeal dated April 17, 1984. The Appellate Division denied the stay on April 26, 1984.

On June 1, 1984, the debtor filed another petition for relief under Chapter 13 of the Bankruptcy Code. The debtor's counsel in his affirmation dated July 6, 1984, contends that the filing of the second Chapter 13 case automatically provides protection to the debtor and his property. Apparently the debtor desires to continue in possession

of the property, notwithstanding that title had previously been conveyed to the Veterans Administration. The mortgagee, Ninth Federal Savings & Loan Association, is the only creditor listed in the debtor's schedules.

## DISCUSSION

 The facts in this case do not implicate the rulings in *In re Taddeo*, 685 F.2d 24 (2d Cir.1982) and *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir.1984), where it was held that Chapter 13 debtors may cure mortgage defaults and continue monthly mortgage payments despite the mortgagees' prebankruptcy acceleration of the mortgages. Here, the foreclosure was completed and title to the property in question was conveyed to the Administrator of Veterans' Affairs. The debtor no longer has any legal or equitable interest in the property. The former mortgage does not exist and may not be cured. Indeed, this court's ruling in the previous Chapter 13 case that the automatic stay should be lifted in order to allow the former mortgagee to foreclose is now *res judicata*. *In re Bystrek*, 17 B.R. 894, 896 (Bkrtcy.E.D.Pa.1982).

As this court stated in *In re Butchman*, 4 B.R. 379, 380–81 (Bkrtcy.S.D.N.Y.1980):

> Since the Chapter 13 petition was filed solely to cure the existing mortgage default and to continue the mortgage in effect, such purpose was frustrated and made academic by the valid prepetition mortgage foreclosure sale. When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow. See *GSVC Restaurant Corp.*, 3 B.R. 491, 6 Bankr. Ct.Dec. 134 (S.D.N.Y.1980) aff'd D.C. N.Y. April 18, 1980) Goettel, D.J.

Accordingly, there is no basis for continuing this Chapter 13 case when the only scheduled creditor, the Ninth Federal Savings & Loan Association, has been paid by the Veterans Administration as guarantor of the former mortgage, with the result that title to the property in question was conveyed to the Administrator of Veterans' Affairs following the foreclosure sale. In light of these facts, the Administrator is entitled to an order granting the motion to dismiss the debtor's Chapter 13 petition.

Submit order on notice.