In the Matter of Julius A. McKANDERS, II, Debtor.

CARONDELET SAVINGS AND LOAN ASSOCIATION and The Citizens and Southern National Bank, Plaintiff,

v.

Julius A. McKANDERS, II and J. Sam Plowden, Trustee, Defendants.

Bankruptcy No. 83–00241A.
Adv. No. 83–0788A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 17, 1984.

William A. Broughman, Decatur, Ga., for plaintiff.

Jack La Sonde, Atlanta, Ga., for defendants.

## ORDER ON STAY

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Plaintiff's complaint to lift the stay against enforcement of the Deed to Secure Debt on debtor's principal residence having come on before this court for a hearing on May 3, 1983, upon summons and notice to the above-named debtor, to his attorney at law, to the trustee, to Yvonne McKanders, and to her attorney at law, and neither a motion nor an answer to the complaint having been filed by the debtor, or debtor's attorney at law, or by the trustee, and an appearance having been entered by Joseph Kennedy as attorney for Genny G. Smith and an appearance having been entered by Jack LaSonde on behalf of Yvonne McKanders, and based upon the evidence presented before the court at the hearing, and upon proceedings had before me at said hearing, and for good cause shown,

IT IS ORDERED that the stay be terminated and that the Clerk of this Court shall dismiss the Chapter 13 case of the debtor, Case No. 83–00241A as soon as convenient after 60 days from this order.

This is the latest of three prior Chapter 13 petitions affecting this residence. This court has been plagued with the sequential filings of Chapter 13 petitions subsequent to dismissal of a prior Chapter 13 case following an order of termination of the stay to allow foreclosure. The demonstrated purpose of these second and third, etc., filings of Chapter 13 petitions is prevention of a foreclosure of the residence or recovery of an automobile. This shamefully warps the intention of the Chapter 13 statute. In respect to such repeated, sequential Chapter 13 petitions, filed very shortly after a prior unsuccessful Chapter 13 case in which the stay had been terminated in an adversary proceeding brought by a secured creditor, it is the view of the undersigned (*See In re Peggy Ann McFarland,* 1982, 17 B.R. 242) that it is incumbent upon attorneys for debtors to closely inquire and determine the true intent and honesty of purpose of the debtor's new petition and the financial capacity to consummate a plan and to overcome the prior reasons for termination of a stay and/or dismissal. The attorney should determine whether the subsequent petition is only to hinder and delay the scheduled foreclosure of the residence or recovery of the vehicle, etc., and to thwart the prior orders of the court, e.g., in respect to termination of the stay, and whether there has been an improvement in the debtor's financial condition and resources which would be sufficient to overcome the presumption that prior orders of the court terminating the stay in the previous case have continuing efficacy.

The automatic stay which is issued when initiating a new case may not be used to abuse or thwart prior proper orders of the court in a prior case. Where a stay has been terminated in a prior case to permit foreclosure, the new stay should not be allowed in a subsequent Chapter 13 case absent demonstration of change of conditions of the debtor's financial resources and ability to fund a plan. While automatic, the § 362(a) of the stay is not permanent and is not automatically continued upon a showing of demonstrated abuse and harm to a party in interest. In any Chapter 13

case where the automatic stay affects the foreclosure or recovery rights of a creditor pursuant to an order of the Bankruptcy Court in a prior Chapter 13 case, the secured creditor will be granted a very prompt hearing upon its request (and on very short notice to the debtor), to determine whether the new stay should be permitted to affect the prior order which terminated the stay in the prior case. The burden will be upon the debtor to show with the Chapter 13 petition that the debtor has subsequently experienced the improvement in financial capacity to fund a plan and pay or adequately protect the debt of this secured creditor. Otherwise, the new automatic stay will be terminated forthwith, and the prior order allowed to be effective and the foreclosure allowed and approved. The stay in the sequential Chapter 13 case will be terminated if the subsequent filling was only to delay the foreclosure or recovery of property which had been previously allowed by order of the court in a prior adversary proceeding.

■ Thus, upon a proceeding initiated by a party in interest to challenge a subsequent filing, the subsequent Chapter 13 case may face an early dismissal or termination of the automatic stay as being frivolous and an abuse of the Bankruptcy Code. Furthermore, the debtor and/or the attorney for the debtor may be faced with an assessment of litigation costs and damages of a creditor who may be harmed by such subsequent frivolous filing. Furthermore, debtor's attorneys, in such subsequent frivolous, sequential filings of Chapter 13 cases which fail to benefit the debtor, may be required to refund attorney's fees to the debtor.

■ IT IS HEREBY ORDERED that the debtor shall take no action that will interfere with this order terminating the stay, including the obtaining of an automatic stay under § 362(a) by the filing of any additional Title 11 petition, unless prior to or concurrent with the filing of a subsequent Title 11 petition the debtor shall satisfy the delinquency of monthly payments which have become due since the filing of

the Chapter 13 petition (*In re Julius McKanders*, Bankruptcy Case No. 82–03441A), or by appropriate motion obtain a modification of this stay order in the prior stay proceeding.

In the case at bar, should the debtor voluntarily dismiss the Chapter 13 case pursuant to 11 U.S.C. § 1307(b) as is the debtor's absolute right, the case will stand dismissed. But this order in this adversary proceeding shall continue to be effective as to this debtor, creditor and real property.

An adversary proceeding is for a specific form of relief between the plaintiff and the defendant. The plaintiff is entitled to maintain the action to the conclusion of the issues presented by an order of the court. Where the court has subject matter jurisdiction of the proceeding, the defendant may not, by voluntarily dismissing the Title 11 U.S.C. case, gain automatically a dismissal of the adversary proceeding. The parties are entitled to an order adjudicating the issues presented therein. To allow dismissal of the proceeding, after answer, through a voluntary dismissal of the Chapter 13 case at the option of the debtor prior to conclusion of the adversary proceeding, would be to decide the issues in favor of the debtor and thereby defeat the order of the court to which the plaintiff herein is entitled. The debtor's rights under § 1307(b) to a voluntary dismissal are not inclusive of the right to unilaterally conclude pending litigation in the Title 11 case.

This court does not view its power to include a prohibition or stay or the debtor to refile a Chapter 13 case as plaintiff requests. The court does not view its power to include an order of dismissal of the case "with prejudice," whatever that term may entail, although that power may exist under 11 U.S.C. § 105(a). The debtor seems to have the absolute power under Chapter 3 and Chapter 13 of Title 11 to file a Chapter 13 petition. However, the court does have the power under 11 U.S.C. § 105(a) to enforce its orders in a proceeding in a case.

Thus the debtor is hereby restrained pursuant to the power granted this court by 11

U.S.C. § 105(a) from filing a subsequent Chapter 13 petition and obtaining an automatic stay under 11 U.S.C. § 362(a) prior to completion of the foreclosure of the within real property, *unless* prior to any subsequent filing, debtor shall file a motion under this continued and pending adversary proceeding for a modification of this order of termination of the stay. Such a motion must be accompanied by adequate proof that the debtor now has experienced a considerable improvement in financial capacity and now has present funds available or sufficient financial resources to pay the mortgage delinquency which has become due since the filing of the first Chapter 13 petition, or otherwise to provide adequate protection to the plaintiff, plus a showing of sufficient financial resources to likely support the confirmation of a new Chapter 13 plan, and to pay the future monthly maintenance payments.