**In re Raymond JEFFERSON and June Jefferson, Debtors.**

**Raymond JEFFERSON and June Jefferson**

**v.**

**MISSISSIPPI GULF COAST YMCA INCORPORATED and Landmard Finance Corporation of Mississippi.**

Bankruptcy No. 8407599SC.
Adv. No. 850820SC.

United States Bankruptcy Court,
S.D. Mississippi.

Order of dismissal July 31, 1985.

April 7, 1986.

---

David Oliver, Gulfport, Miss., for plaintiffs.

David L. Cobb, Gulfport, Miss., for YMCA.

Richard Brown, Gulfport, Miss., for Landmark.

### CONCLUSIONS OF LAW ON DISMISSAL OF PROCEEDING

T. GLOVER ROBERTS, Bankruptcy Judge.

The Order of Dismissal entered in the above styled adversary entered on July 30, 1985 incorporates Findings of Fact in accord with Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure. These conclusions are based upon those findings by this Court. The grounds for dismissal are that the matter is res judicata based on a previous order entered by the Court in the Second Bankruptcy proceeding of Raymond J. Jefferson, Jr. and June L. Jefferson, No. 8407357SC, and there was, therefore, no violation of the automatic stay provision of 11 U.S.C. § 362, that the actions taken by the debtors shown by the history of their Bankruptcy filings constitute an abuse of the Bankrupt-

cy Code, and that the debtors had no standing to institute this adversary proceeding. See Attachment A for a chronology of events concerning the Jefferson's bankruptcies.

## I.

Section 362(a) of Title 11 of the United States Code provides that a petition filed under this title:

> operates as a stay, applicable to all entities, of ... (3) any act to obtain possession of property of the estate or of property from the estate; (4) any act to create, perfect or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title,....

Therefore, a foreclosure proceeding is automatically stayed upon the filing of a petition in Bankruptcy by the debtor. Before a party may proceed with foreclosure he must comply with § 362(d) to prevent violation of the automatic stay. This section provides that:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

The question presented here is whether § 362(a) is triggered, thus invoking the imposition of the automatic stay upon a foreclosure, where an order pursuant to § 362(d) was entered lifting the stay and allowing a foreclosure proceeding to commence in a previous bankruptcy involving the same debtor, the same creditor and the same property. This Court holds that § 362 does not apply under those circumstances, as in the present case.

■ The Northern District of Georgia held in *Carondelet Savings and Loan Association v. McKanders*, 42 B.R. 108 (Bankr.N.D.Ga.1984), that

> The automatic stay which is issued when initiating a new case may not be used to abuse or thwart prior proper orders of the Court in a prior case. Where a stay has been terminated in a prior case to permit foreclosure, the new stay should not be allowed in a subsequent Chapter 13 case absent demonstration of change of conditions of the debtor's financial resources and ability to fund a plan.... [1]

42 B.R. at 109. There were two filings by the Jeffersons subsequent to the Chapter 13 proceeding (which was the second filing) in which the order lifting the stay on behalf of Landmark Financial Services of Mississippi, Inc. to allow foreclosure was entered, both of which were Chapter 7's (the latest being this pending proceeding). Although *McKanders* allows that the stay is terminated in a subsequent Chapter 13 proceeding, the rationale would be the same for a Chapter 7 inasmuch as there is obviously no ability to fund a plan or show a *positive* change in circumstances. *McKanders* further provides that the stay could not be obtained in a subsequent filing prior to completion of the foreclosure, "*unless* prior to any subsequent filing, a debtor shall file a motion under this continued and pending adversary proceeding [2] for a modification of this order of termination of the stay." That procedure was not followed in this case. *See In re Bradley*, 38 B.R. 425 (C.D.

---

1. Language in this opinion found on page 110 indicates that an order terminating the stay under these circumstances is required. The order of dismissal in this adversary proceeding and these conclusions have the same effect upon the creditor here, i.e., concluding that the stay was not in effect at the time of foreclosure and that no violation occurred.

2. A motion to lift stay is no longer an adversary proceeding requiring a complaint since the adoption of the Bankruptcy Rules in August of 1983.

Cal.1984) (Similar circumstances where subsequent Chapter 7 was filed).

■ The principles of res judicata also apply to this case precluding the possibility of a stay violation under circumstances where repetitive filings occurred. *In re Bystrek*, 17 B.R. 894 (E.D.Pa.1982), held in no uncertain terms that a prior order allowing relief from the stay in a prior case was res judicata where a subsequent bankruptcy was filed two days before a scheduled sheriff's sale. The Court reasoned that

The troubling aspect of this case is that debtor's counsel seems to believe that Bankruptcy Court is a legal playground where the debtor can indulge in an elaborate game of catch-me-if-you-can with her creditors. Such is not the case. Although the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility. As a member of the bar and an officer the Court, counsel especially should be aware of this fact. The game attempted in this case cannot be permitted.

17 Bankr. at 895. The Court went on to say that this type of conduct cannot be condoned and that it "is a fraud upon the creditor and an affront to the integrity of the Court". 17 B.R. at 896. *See also In re Johnson*, 708 F.2d 865 (2d Cir.1983) (Case remanded for further evidence on good faith of filing plan); *In re Artishon*, 39 B.R. 890 (D.Minn.1984) (This case, however, justified changed circumstances and was not a bad faith filing); *In re Roderick*, 20 B.R. 485 (D.R.I.1982) (case dismissed where debtors twice commenced proceedings within hours of scheduled foreclosure sales); *In re Durkalec*, 21 B.R. 618 (E.D.Pa.1982) (changed circumstances existed). *In re Gray*, 40 B.R. 206 (Bankr.S.D.N.Y.1984) (prior order was res judicata); *In re Bumpass*, 28 B.R. 597 (Bankr.S.D.N.Y.1983) (stay imposed where improved circumstances to be determined at confirmation hearing).

These cases follow the reasoning that multiple filings, where abuse exists, will not afford relief to the debtor in the subsequent filings where a prior order was entered lifting the stay unless there have been changed circumstances in the debtor's financial position to benefit creditors. Although principles of res judicata apply in the above cites cases, good faith is the underlying factor that is ordinarily considered in determining whether to grant the relief sought, generally a dismissal of the proceeding. Language concerning lack of good faith can be found in the above cited cases as well as in the following. *In re Hill*, 34 B.R. 21 (M.D.Fla.1983) (case dismissed as bad faith filing where second filing's purpose was to prevent foreclosure); *In re Nimmo*, 39 B.R. 5 (D.N. Mex.1984) (Case dismissed for lack of good faith with subsequent filings); *In re Bradley*, 38 B.R. 425 (Bankr.1984).

As a result of the numerous instances involving multiple bankruptcies, the Bankruptcy Amendments and Federal Judgeship Act of 1984, although not applicable here since the effective date for most provisions was not until October of 1984 and this fourth bankruptcy was filed May 17, 1984, provided a new section allowing dismissal of subsequent bankruptcies where there is evidence of bad faith. Section 109(f) provides:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Two of the Jeffersons bankruptcies were dismissed for failure to file required matters pursuant to the Code, and one was a voluntary dismissal following an order to lift the stay. This shows that these bank-

ruptcies are the type Congress anticipated when it instituted this new section, and constitute the type of abuse that was intended to be terminated. Although § 109(f) (effective after this case) and many of the above cited cases deal with dismissal of the bankruptcy proceeding in its entirety, this case involves only the dismissal of the adversary proceeding to set aside the foreclosure; however, the legal analyses are the same in both instances. The Court does not think it would be in the best interests of the estate to dismiss the bankruptcy petition itself, solely for the fact the trustee in bankruptcy is now holding $43,601.35 [3], as of March 31, 1986, for the benefit of distribution to creditors.

## II.

■ In addition to the issues of res judicata and abusive filing which justify dismissal of this proceeding, an additional ground upon which dismissal is based is that the debtors had no standing with which to initiate the lawsuit. *In re Couch*, 43 B.R. 56 (Bankr.E.D.Ark.1984) provides that, "If a cause of action exists on behalf of the estate it is property of the estate and suit must be brought by the trustee for the benefit of the estate." 43 B.R. at 59 (citing *Fair v. Nationwide Mortg. Corp.*, 34 B.R. 981 (D.C.Colo.1983). *Bryson v. Bank of New York*, 584 F.Supp. 1306 (S.D.N.Y. 1984) further provides that "upon a filing of bankruptcy, title to the bankrupt's property vests in the trustee in bankruptcy. 'Property' includes the right to pursue causes of action formerly belonging to the debtor." 584 F.Supp. at 1315 (citing *Hanover Insurance Co. v. Tyco Industries, Inc.*, 500 F.2d 654, 656 (3d Cir.1974).

The trustee in this case specifically chose not to join the debtor in this proceeding and stated his reasons in open Court that the suit was without merit because there was no question that the proceeds of the sale

were an asset of the estate and that he was of the opinion it would be a waste of the funds for distribution to unsecured creditors to set aside the foreclosure. (Record p. 34). *Merrill v. Abbott*, 41 B.R. 985 (D.Utah 1984), provides that "A bankruptcy trustee is not bound to pursue every cause of action, and may properly decide that the speculative nature of the suit and the expense involved do not warrant prosecution". 41 B.R. at 993 n. 10 (citing *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946).

■ Based on these authorities this Court concludes that the debtors had no standing to initiate the lawsuit and that the trustee, alone, had that right. Furthermore, the trustee is not bound to bring every possible suit, and the Court finds and concludes that the circumstances of this case warrant that it was prudent for him to refrain here when considering the interest of the estate as a whole. Therefore, dismissal of the adversary proceeding and of any charges against the trustee for failure to bring the action is justified on the above fact and applicable law.

## III.

■ Attorney fees are properly awardable in a case where lack of good faith has been exercised and are appropriate in this matter. *In re Perez*, 43 B.R. 530 (Bankr.S. D.Tx 1984) (Assessed attorney fees against debtor's counsel where groundless Chapter 13 filed prior to foreclosure); *In re Kinney*, 51 B.R. 840 (C.D.Calif.1985) (sanctions may be imposed against debtor's attorney in multiple filings). *In re Trust Deed Center, Inc.*, 36 B.R. 846 (C.D.Calif.1984) (assessed sanctions in amount of attorney fees incurred by creditor in multiple filing situation).

Based on the above authority, the evidence on the hearing of this matter and the

3. The initial deposit was made 10–29–84 in the amount of approximately $38,000.00 from proceeds of the foreclosure upon which this adversary is based. As of 3–31–86, no other deposits have been made to the trustee for distribution. The total debt listed in the Jefferson's bankrupt-

cy schedules was $373,431.94, of that $134,896.94 was listed as unsecured. This Court ratifies the foreclosure proceeding based on this deposit and on the reasons set forth in these conclusions of law.

prior order entered on dismissal, this Court confirms the dismissal of this adversary proceeding and the assessment of attorney fees.

## ATTACHMENT A

## CHRONOLOGY OF EVENTS

10-14-82  Chapter 13 Filed (Attorney: Gerald Warren)
          8208144SC Raymond J. Jefferson and June L. Jefferson d/b/a All American
10-22-82  Conversion to Chapter 11
6-20-83   Dismissed for Failure to File Plan
3-19-84   Date Scheduled for Foreclosure
3-19-84   Chapter 13 Filed (Attorney: Donald Simmons)
          8407357SC Raymond J. Jefferson, Jr. and June L. Jefferson
3-20-84   Motion to Lift Stay filed by Landmark Financial Services of Mississippi
3-27-84   Order Lifting Stay (No Appeal or Motion to Reconsider)
3-27-84   Chambers Conference—Judge informs he would allow foreclosure to proceed in event of another filing (Record p. 24-25)
4-3-84    Dismissal on Debtor's Motion
4-19-84   Date Set for Foreclosure
4-19-84   Chapter 7 filed Pro Se
          8407488SC Raymond J. Jefferson, Jr. and June L. Jefferson
4-19-84   Oral Authority From Judge Allowing Foreclosure to Proceed (Record p. 24-26)
5-7-84    Dismissal For Failure to File Schedules

5-17-84   Chapter 7 Filed (Attorney: Donald Simmons who later withdrew and substituted David Oliver)
          8407599SC Raymond Jefferson and June Jefferson
3-20-85   Adversary Proceeding Filed To Set Aside Foreclosure

## ORDER OF DISMISSAL

THIS CAUSE came on to be heard on a Motion to Dismiss filed by the Defendants, Landmark Finance Corporation of Mississippi and the Mississippi Gulf Coast YMCA, Inc., said Motion being joined in with by C. Thomas Anderson, the Trustee, with said Motion requesting this Court to dismiss the above styled adversary proceeding and for other relief, and the Court having heard and considered same, and having heard the arguments of counsel, is of the opinion that the Motion is well taken and that the relief sought therein should be granted. The Court further finds that the debtors were present in open Court along with their attorney, the Honorable David Oliver, that Landmark Finance Corporation of Mississippi was represented by it's attorney, the Honorable Richard Brown, and that the YMCA was represented by it's attorney, the Honorable David Cobb, and that the Honorable C. Thomas Anderson, Bankruptcy Trustee, appeared in his own behalf. The Court further finds that the Bankruptcy filings by the Plaintiffs since October, 1982 are as follows:

| Number | Filed | Dismissed | Chapter | Reason for Dismissal |
|--------|-------|-----------|---------|----------------------|
| 8208144SC | 10-14-82 | 6-20-83 | 13/11 | Failure to file plan |
| 8407357SC | 3-19-84 | 4-03-84 | 13 | Request of Debtor |
| 8407488SC | 4-19-84 | 5-07-84 | 7 | Failure to file Schedules |
| 8407599SC | 5-17-84 | Pending | 7 | |

The Court therefore finds, orders, and adjudges as follows:

### I.

The Court finds that the above styled adversary proceeding is groundless and should be dismissed and that the Plaintiffs are not entitled to any relief whatsoever because this Court had previously issued an Order Lifting the Automatic Stay and specifically authorizing the defendant Landmark Finance Corporation of Mississippi to foreclose on the subject property. Said Order was issued by this Court on March 27, 1984, and the foreclosure sale took place approximately three weeks later, on April 19, 1984. The Bankruptcy Number of said case was 8407357SC.

### II.

The Court finds that the Bankruptcy petition which the Plaintiffs filed on the day

of foreclosure, being April 19, 1984, was dismissed by this Court on May 7, 1984, for failure to file the Schedules. Said Bankruptcy was filed only three weeks after the Order Lifting the Automatic Stay was issued by this Court and sixteen days after the previous Bankruptcy was dismissed by this Court. The present Bankruptcy case was not filed until one month after the foreclosure took place and is the fourth Bankruptcy filing by these debtors within a period of nineteen months and is the third Bankruptcy filing within a period of only two months.

### III.

The Court further finds that the Plaintiffs have no standing with which to file this lawsuit, as any such lawsuit must be filed by the Bankruptcy Trustee and that the Trustee did not join in with the instant lawsuit.

### IV.

The Court further finds that the true consideration paid for the property by the Mississippi Gulf Coast YMCA at the foreclosure sale was much greater than the amount alleged in the Complaint for the reason that the purchaser assumed responsibility for the payment of a First and Second Mortgage and past due taxes on said property. The Court finds that the true consideration paid for said property was reasonable and adequate and was the result of competitive bidding for the property. Further, the sale resulted in a surplus of over $38,000.00, which surplus was turned over to the Bankruptcy Trustee and is now part of the Bankruptcy Estate for the benefit of creditors. The Court therefore finds that the foreclosure should be ratified and confirmed by this Court.

### V.

The Court finds that the allegations in the Complaint for the removal of Tom Anderson, the Trustee, have not been sustained and that he should be retained as Trustee.

### VI.

The Court finds that the repetitive Bankruptcy filings by the Plaintiffs were not made in good faith and constitute an abuse of the Bankruptcy laws, of the legal system, and of this Court. The Court further finds that this lawsuit is without merit and was filed without good cause and in bad faith, and that therefore the Plaintiffs should be required to pay to the Defendants their reasonable attorney's fees incurred in the defense of this action.

### VII.

The Court finds that the Order Lifting the Automatic Stay and authorizing the foreclosure issued by this Court on March 27, 1984, constitutes res judicata and that the Plaintiffs are bound by said Order despite the filing of a new Bankruptcy Petition moments before the foreclosure. The Court therefore holds that the foreclosure sale did not constitute a violation of the Automatic Stay. Additionally, the Court further finds that said sale was for reasonable and adequate consideration and that it should therefore be ratified and confirmed without regard to whether it was conducted in violation of the Automatic Stay. It is therefore,

ORDERED AND ADJUDGED as follows:

1. The foreclosure sale of the subject property conducted by Richard B. Brown, Jr. as Trustee for Landmark Finance Corporation of Mississippi on April 19, 1984, should be and is hereby confirmed and ratified. It is further,

2. ORDERED AND ADJUDGED that the above styled and numbered adversary proceeding should be and is hereby dismissed with prejudice. It is further,

3. ORDERED AND ADJUDGED that the Plaintiffs, jointly and severally, should be and are hereby directed to pay attorney's fees to the Honorable Richard B. Brown, Jr., Attorney for Landmark Finance Corporation of Mississippi, in the amount of 700 and to the Honorable David Cobb, Attorney for the Mississippi Gulf Coast YMCA, in

the amount of $570.00 and that said attorney's fees shall be paid within thirty (30) days of the date of this Order. It is further,

4. ORDERED AND ADJUDGED that all costs of this proceeding should be and are hereby taxed against the Plaintiffs and that. execution should issue, if necessary, for such Court costs and for attorney's fees as set out above. It is further,

5. ORDERED AND ADJUDGED that upon request of either Defendant, the Trustee, C. Thomas Anderson, shall pay the attorney's fees awarded above to said attorneys from the surplus funds generated from the foreclosure sale which he is holding, and that the Plaintiffs shall then be required to reimburse the Trustee for said amount within thirty (30) days.

SO ORDERED AND ADJUDGED on this the 30th day of July, 1985.