**In re Rita VITA a/k/a Rita P. Vita, Debtor.**

**Bankruptcy No. 87 B 20526.**

United States Bankruptcy Court, S.D. New York.

Feb. 2, 1988.

Michael R. Gottlieb, Middletown, N.Y., for Bank of New York.

Jeffrey L. Sapir, Hartsdale, N.Y., for debtor.

## DECISION ON MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Bank of New York ("BNY") has moved pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001 for relief from the automatic stay imposed under 11 U.S.C. § 362(a), in order to proceed with a foreclosure proceeding on its second mortgage against the debtor's home. The debtor, Rita Vita, filed with this court her second petition for relief under Chapter 13 of the Bankruptcy Code on November 16, 1987. A foreclosure sale had been scheduled by a first mortgagee, Dime Savings Bank of New York, on November 18, 1987. The debtor's previous Chapter 13 case was dismissed after she failed to comply with a stipulation for mortgage payments to BNY, which resulted in the lifting of the automatic stay on default in the first Chapter 13 case. BNY relies on the doctrine of *res judicata* for relief from the stay in this case.

### FINDINGS OF FACT

1. On November 7, 1985, the debtor filed with this court her voluntary petition for relief under Chapter 13 of the Bankruptcy Code. She lived with her nondebtor husband and family in a single family house in Rockland County, New York. The house was encumbered by a first mortgage held by Dime Savings Bank of New York of approximately $150,000.00. The plain-

tiff, BNY, holds a second mortgage of approximately $87,000.00.

2. Pursuant to a stipulation with BNY which was "So Ordered" by this court on February 26, 1987, the debtor and her non-debtor husband agreed to make mortgage payments to BNY in specific amounts and at specified intervals. The stipulation provided that in the event the debtor failed to make payments as required, BNY had the right, without further notice to the debtor, to submit to the court an *ex parte* order of relief from the automatic stay.

3. The debtor defaulted in making payments in accordance with the stipulation, with the result that on July 10, 1987, this court signed BNY's *ex parte* order for relief from the stay. On July 30, 1987, this court dismissed the debtor's first Chapter 13 case on motion made by the Chapter 13 trustee.

4. BNY did not proceed with its foreclosure action. Instead, it waited for the first mortgagee to complete its foreclosure proceedings. On November 16, 1987, two days before the foreclosure sale scheduled by the first mortgagee, the debtor filed her second Chapter 13 case.

5. The debtor's evidence reveals that there are changed circumstances in this case. Although she is unemployed, her husband is prepared to give her $4000 per month towards the debtor's Chapter 13 plan. Additionally, her mother has agreed to contribute $750 per month.

6. The debtor proposes to pay all her unsecured creditors in full under her plan. She also proposes to cure her mortgage defaults and to reinstate the mortgages on a current basis.

7. BNY presented no evidence as to the value of the debtor's house or that she lacks an equity interest in the house. BNY relies on the debtor's breach of her stipulation in the first Chapter 13 case and the legal effect of the doctrine of *res judicata.*

## DISCUSSION

There is some disagreement by the courts as to whether or not a lifting of the automatic stay in a previous Chapter 13 case acts as a bar to the imposition of the stay in a subsequent Chapter 13 case.

Some courts have concluded that a bankruptcy judge in an earlier Chapter 13 case may not preclude a debtor from obtaining the benefit of the automatic stay in a subsequent Chapter 13 case. *In re Taylor,* 77 B.R. 237 (9th Cir.B.A.P.1987); *In re Norris,* 39 B.R. 85 (E.D.Pa.1984). Other courts have ruled that when a final judgment on the merits is obtained in an earlier Chapter 13 case which lifted the automatic stay on the same property as to the same parties such judgment is *res judicata* as to those parties in a later case. *Hancock Bank v. Jefferson,* 73 B.R. 183 (S.D.Miss.1986); *In re Bradley,* 38 B.R. 425 (Bankr.C.D.Cal. 1984); *In re Bystrek,* 17 B.R. 894 (Bankr.E. D.Pa.1982). Moreover, it has also been held that where the stay was lifted in the first Chapter 13 case and the property was sold at foreclosure, with title conveyed to a new purchaser, the debtor had no property interest that could be protected by the imposition of a new stay in a subsequent Chapter 13 case. *In re Gray,* 40 B.R. 206 (Bankr.S.D.N.Y.1984).

Where there is no final judgment on the merits in an earlier case because the stay was lifted as a result of a stipulation or agreement between the parties, rather than as a determination on the merits, a stay imposed in a subsequent Chapter 13 case will not be lifted on the basis of the doctrine of *res judicata. In re Artishon,* 39 B.R. 890 (Bankr.D.Minn.1984). This is so because the lifting of the stay in the earlier case resulted from the contractual agreement between the parties and not as a result of a decision on the merits.

In the instant case, the parties attempted to resolve their dispute by a stipulation calling for the payment of mortgage arrears to BNY. The debtor defaulted in making the payments and the automatic stay was lifted pursuant to an *ex parte* order. Thereafter, the debtor filed a second Chapter 13 case in the belief that she could successfully effect a confirmation of her Chapter 13 plan because of a positive change in her financial circumstances. There was no evidence presented by the mortgagee to refute the debtor's proof that her husband agreed to contribute $4000 per month and her mother agreed to give her another $750 per month. These facts sup-

port the debtor's position that her second Chapter 13 case was filed in good faith and in the belief that she could fully repay all her creditors and cure her mortgage defaults.

In light of the fact that BNY did not present any evidence as to the value of the debtor's house or that she lacked equity in the property, it follows that BNY's motion to lift the automatic stay on the ground of *res judicata* must be denied. The lifting of the stay in the debtor's first Chapter 13 case was the result of a contractual agreement and did not involve a determination on the merits so as to implicate the doctrine of *res judicata*. *In re Artishon*, 39 B.R. at 892.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the persons in this case in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

2. The second mortgagee, BNY, has failed to sustain its motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d) on the ground of *res judicata*.

3. BNY's motion for relief from the automatic stay is denied.