**In the Matter of Antonio CRUZ MARTINEZ & Maria Sambolin, Debtors.**

**METMOR FINANCIAL, INC., Movant,**

**v.**

**DEBTORS AND TRUSTEE.**

**Bankruptcy No. 90–05213(SEK).**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 24, 1991.

Ricardo Santana Ramos, San Germán, P.R., for debtors.

Juan H. Soto Solá, Hato Rey, P.R., for Metmor.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

The issue raised in this contested matter is whether an Order entered on July 27, 1989, in Case No. 88–00433 (ESL) granting Movant relief from the automatic stay is *res judicata*, precluding this subsequent motion for relief from stay filed during the pendency of the instant case. The parties agree the relevant facts are not in dispute.

Debtors filed a Chapter 13 petition for bankruptcy some time in 1988. It was assigned to the docket of Chief Judge Lamoutte, Bankruptcy No. 88–00433. Metmor Financial, Inc. ("Metmor"), filed a request for relief from stay pursuant to 11 U.S.C. 362(e) [1]. The respondents in that motion were Debtors and the Chapter 13 Trustee. The minutes of the July 27th hearing to consider Metmor's Motion show: "Upon Debtors failure to oppose and appear at hearing, Motion is granted, stay [is] lifted in favor of Movant; no objection presented by Trustee." Pursuant to the September 12, 1989 hearing to consider both, Banco Central Corp.'s and the Chapter 13 Trustee's Motions to Dismiss for Debtors' failure to comply with the confirmed plan, this case was dismissed.[2]

On October 1, 1990, Debtors filed the instant Chapter 13 petition for bankruptcy. This time Metmor filed a Motion Requesting Relief from Stay pursuant to 11 U.S.C. 362(d)(1).[3] Metmor asks the Court to find cause for lifting the stay based on the principles of *res judicata*. After Metmor

---

**1.** This fact is taken from hard docket entry # 19d. A lift of stay may be granted pursuant to 11 U.S.C. 362(d)(1) or (d)(2). Code Section 362(e) governs the termination of the stay, setting of the preliminary and final hearings, etc. Hence, we do not know whether the cause of action for requesting the lift of stay filed by Metmor was under Code Section 362(d)(1) or 362(d)(2).

**2.** The file had been sent to Record Center and this information has been obtained from the hard and electronic dockets available at the

Clerk's Office for inspection. Electronic docket entry # 24 shows these motions were not opposed.

**3.** Metmor has also claimed it is the holder in due course of a $25,100.00 first mortgage note which payment is guaranteed by a duly registered first mortgage encumbering Debtors' realty. As of June 1, 1989, Debtors owe $31,925.58. Metmor claims Debtors have made no payments since 1987. The realty has been valued at $40,000.00 as per appraisal produced by Metmor.

obtained the lift of stay as per Order entered by Chief Judge Lamoutte, it filed a suit for collection of money and foreclosure of mortgage before the Superior Court of Puerto Rico, Mayaguez Part, Civil Case No. 88–140. The second auction in execution of the Judgment entered by the Superior Court was scheduled for October 11, 1990. The auction was stayed by the Superior Court because Debtors filed this second petition. Metmor claims the lift of stay ordered by Chief Judge Lamoutte on July 27, 1989 prevents the automatic stay from entering into effect in this case, and precludes this Court from considering Debtors' response in this contested matter.

Debtors oppose the lifting of stay claiming Metmor's rights are protected by the proposed Chapter 13 plan filed in this case; deny applicability of the *res judicata* doctrine; and claim they are up to date in their post petition payments to Metmor, as well as in their payments to the Trustee.[4]

11 U.S.C. 362(a) states a filing of a petition for bankruptcy "operates as a stay applicable to all entities, of ... (3) any act to obtain possession of property of the estate or of property from the estate; (4) any act to create, perfect or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title, ...". Hence, a collection of money and foreclosure suit is automatically stayed upon the filing of the petition in bankruptcy by a debtor. Before a party may continue with its collection efforts, it must comply with Code Section 362(d) to prevent violation of the automatic stay.

Courts disagree on whether the lifting of the stay in a previous chapter 13 case acts as a bar to the imposition of a stay in a subsequent Chapter 13 case.[5]

Assuming *res judicata* or issue preclusion would be applicable to the facts in this contested matter, Metmor has not met its burden of proof.[6] It has not shown that its Motion for Lift of Stay and the July 27th Order entered in bankruptcy case number 88–00433 (ESL), were predicated on Code Section 362(d)(1). Therefore, the causes of action may not be identical.[7]

Wherefore, Metmor's request that the lifting of stay be granted for cause based on the principle of *res judicata* or issue preclusion, is denied. However, the final evidentiary hearing to consider whether there is cause for lifting the stay in view of Metmor's other allegations,[8] is hereby scheduled for January 28, 1991 at 2:00 P.M.

---

**4.** Trustee claims Debtors are $392.00 in arrears and that the proposed plan contemplates paying $5,016.00 of prepetition arrears to Metmor.

**5.** *In re Vita,* 82 B.R. 244, 245 (Bkrtcy., S.D.N.Y. 1988); *In re Abdul Hassam,* 104 B.R. 263 (Bkrtcy.C.D.Cal.1989); *In re Jefferson,* 59 B.R. 707 (Bkrtcy.S.D.Miss.1986) aff'd. 73 B.R. 179 (D.C.S.D.Miss.1986); *Matter of Inesta Quiñones,* 73 B.R. 333 (Bkrtcy.D.P.R.1987); *In re Norris,* 39 B.R. 85 (D.C.E.D., Pa.1984).

**6.** *Matter of Victor Distributing Co., Inc.,* 11 B.R. 242, 245 (Bkrtcy.E.D., Va.1981).

**7.** The legal doctrine of *res judicata* applies when the causes of action and of the parties are identical, and a valid, final judgment has been entered on the merits. *Id.; McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir.1986); *Thomas v. Consolidation Coal Company,* 380 F.2d 69 (4th Cir.1967); *Arecibo Radio Corp. v. Comm. of Puerto Rico,* 825 F.2d 589 (1st Cir.1987).

