**In re Delores S. NORRIS.**

**Bankruptcy No. 82–5789K.**
**Civ. A. No. 83–6258.**

United States District Court,
E.D. Pennsylvania.

March 28, 1984.

David A. Searles, Community Legal Services, Philadelphia, Pa., for appellant.

Lawrence Phelan, Philadelphia, Pa., for appellee Fidelity Bank.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

On April 19, 1983, the Bankruptcy Court entered an Order confirming the debtor's amended plan under Chapter 13. The plan contemplated the sale of debtor's residence, valued at $14,600, free and clear of all liens and encumbrances, and use of the proceeds to pay off the mortgage held by Fidelity Bank (approximately $5500) and for a distribution of $600 among unsecured creditors.

In September, the bank filed a petition for relief from automatic stay, on an all-purpose standard form which alleged that the debtor had not made all of the payments she was required to make under the terms of the plan, that the dwelling house property was not needed to carry out the plan (!), and that the bank's security interest in the residence was not adequately protected. A hearing was scheduled, but when the debtor notified the court that she could not obtain transportation to attend the hearing, the hearing was continued. At the continued hearing, the debtor again failed to appear (allegedly, it was later learned that she lacked the funds to obtain public transportation). On the theory that the debtor had failed to prove that the bank's interests were being adequately protected, the Bankruptcy Court entered an Order granting relief from the automatic stay, so as to permit the bank to proceed with a mortgage foreclosure.

In the present appeal from that Order, counsel for the debtor does not challenge the propriety of granting relief from the automatic stay. Rather, the present appeal challenges only certain additional provisions in the Order appealed from. After directing that the automatic stay be modified "with respect to premises 4609 Hedge Street, Philadelphia, PA. 19124 as to allow the petitioner to foreclose on its mortgage ...", the order adds the following:

"And further

"DECREED that the foregoing Order is determinative of the issues regarding petitioner and the debtor(s) concerning said premises

"AND FURTHER, the filing of any future petitions in bankruptcy shall not affect the instant Order granting relief from the Code Section 362 stay.

"Debtor failed to show adequate protection at trial."

I confess to great difficulty in interpreting the intended effect of the first paragraph thus added, and counsel have been unable to shed much light on its possible meaning. If, as seems probable, it means merely that the Order is intended as a final

resolution of all issues raised by the bank's petition for relief from stay, there is no cause for complaint.

The real problem arises from the inclusion of the provision that "the filing of any future petitions in bankruptcy shall not affect the instant Order granting relief from the Code Section 362 stay."

The applicable statute, 11 U.S.C. § 362(d), provides:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annuling, modifying, or conditioning such stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

"(2) with respect to a stay of an act against property if—

"(A) the debtor does not have an equity in such property; and

"(B) such property is not necessary to an effective reorganization."

The Order in question is undoubtedly an Order "with respect to a stay of an act against property". It should be noted preliminarily that the record seems to establish quite clearly that in fact the debtor did have substantial equity in the property, and that the property was the cornerstone of the reorganization plan. Thus, the Order was undoubtedly entered pursuant to paragraph (d)(1), namely, "for cause, including the lack of adequate protection of an interest in property of such party in interest". There is room for argument, therefore, that the debtor's failure to prove that the bank's interests were adequately protected did not provide a sufficient basis for the Order; rather, the burden was on the bank, at least initially, to establish that its interests were not adequately protected. It is impossible to determine, from the record before this court, whether the bank presented any evidence. From statements made by counsel at oral argument in this court, and from the hand-written notation in the Order, it seems probable that the Order was entered more or less by default,

without evidence, notwithstanding the fact that the debtor had filed an answer denying the essential allegations of the bank's petition.

But since the debtor does not challenge the Order lifting the stay, but merely the provisions purporting to affect the debtor's statutory rights in other proceedings which might thereafter be filed, the validity of the Order itself will be assumed.

It is to be noted that there is nothing in the statutory language quoted above which purports to enable the Bankruptcy Court to provide relief from the automatic stay in advance of the filing of a bankruptcy petition. That is, on its face, the statute makes the stay *automatic* in all bankruptcy proceedings. In my view, a bankruptcy judge in a pending proceeding simply does not have the power to determine that the automatic stay shall not be available in subsequent bankruptcy proceedings.

Contrary to the bank's argument, this does not mean that bankruptcy courts are powerless to deal with possible abuses of the system. The bank is undoubtedly correct in noting the potential for abuse, if an order granting relief from the stay could be circumvented by the debtor, by the simple process of withdrawing the pending proceeding and filing a new petition. In my view, however, such problems can readily be dealt with if and when they arise, by means which are within the authority of the Bankruptcy Court.

It may be, for example, that a proposed termination of the pending proceeding could be conditioned in such a way as to prevent abuse. Or, if successive stays are sought by the filing of successive petitions, preemptory relief from the stay could readily be ordered in the subsequent proceeding. And sanctions against counsel are always available to prevent improper manipulation of the system.

Even if it were within the legal power of a bankruptcy judge in a pending proceeding to determine the impact of later possible proceedings (and it plainly is not), and even if the exercise of that power were

needed to prevent abuse (and, as noted above, it is not), there is no warrant for assuming, in the absence of any evidence to support the assumption, that such abuses are likely to occur in a particular case. In short, the blanket Order entered in this case would be improper under any view of the matter.

## ORDER

AND NOW, this 28th day of March, 1984, it is ORDERED:

1. That the appeal of the debtor, Delores S. Norris, from the Order of the Bankruptcy Court entered November 15, 1983, is SUSTAINED.

2. That said Order of the Bankruptcy Court is modified by deleting therefrom the words

"AND FURTHER, the filing of any future petitions in bankruptcy shall not affect the instant Order granting relief from the Code Section 362 stay."