In re Ezella M. TAYLOR, Debtor.

William LITTLE, Appellant,

v.

Ezella M. TAYLOR, David Gill, Trustee in Bankruptcy, Appellees.

Ezella M. TAYLOR, Appellant,

v.

Dina TSAFAROFF, Evelyn Simbas, William Little, Appellees.

BAP No. CC 86–1740 MoMeV
BAP No. CC 86–2172 MoMeV
Bankruptcy No. LAX 85–54806 GM.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted without Oral Argument on July 27, 1987.

Decided Aug. 7, 1987.

Leon L. Vickman, A Law Corp., Encino, Cal., for appellant.

Ezella M. Taylor, in pro per.

## OPINION

Before MOOREMAN, MEYERS and VOLINN, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

Two separate appeals have arisen from this case and because of the interrelated facts and issues posed within, they have been consolidated. In order to understand the issues presented it is necessary to set forth the relevant facts and proceedings of the underlying case.

## FACTS

On September 2, 1984, creditors Dina Tsafaroff and Evelyn Simbas held a note and third deed of trust on the debtor's principal residence which became due and payable in the amount of $12,500. On June 26, 1985, the debtor filed a petition for relief under Chapter 13 of Title 11. The creditors/Tsafaroff and Simbas brought an adversary proceeding to lift the automatic stay on September 6, 1985. However, on September 23, 1985, a hearing was held on the debtor's proposed Chapter 13 plan. After determining that the debtor had failed to file a feasible plan, Bankruptcy Judge William J. Lasarow signed an order dismissing the Chapter 13 petition.

Subsequent to Judge Lasarow's ruling, but prior to the entry of the dismissal order dated October 3, 1985, the debtor filed a second Chapter 13 petition on September 27, 1985. On October 2, 1985, Bankruptcy Judge Barry Russell presided over a hearing on Tsafaroff and Simbas' complaint for relief from the automatic stay. The debtor and the debtor's attorney failed to appear at the hearing and Judge Russell entered a Default Judgment on October 13, 1985. Judge Lasarow's final order dismissing the first Chapter 13 petition had been entered on October 3, 1985.

The debtor's second Chapter 13 petition (case # 85–54806 filed on October 27, 1985) was converted to a Chapter 7 on December 16, 1985. However, relying on the previously entered Default Judgment lifting the automatic stay under the first Chapter 13 petition (case # 85–53242), the creditors Tsafaroff and Simbas proceeded with a foreclosure sale of the property on January 16, 1986. The property was purchased by William Little, for $22,088.94 subject to a $20,000 first deed of trust.[1] Both parties stipulated that the property was valued at at least $100,000 at a hearing on November 21, 1986. ER. at 379.

On April 10, 1986, in case # 85–54806, the debtor filed a complaint to set aside the foreclosure sale as being violative of the automatic stay which became effective upon the filing of the second Chapter 13 petition on September 27, 1985. Tsafaroff, Simbas and Little filed a motion to dismiss the complaint for lack of subject matter jurisdiction on May 12, 1986. They alleged that the original order lifting the automatic stay in the first Chapter 13 case was Res Judicata on any subsequent Chapter 13 petitions. On June 2, 1986, Mr. Little, again through Mr. Vickman, filed an ex parte motion for declaratory relief as to the absence of an automatic stay, and alternatively relief from the automatic stay. Notice of the motion was served on the debtor's attorney eight days prior to the scheduled hearing. The hearing on both the motion to dismiss and the ex parte motion for relief from the automatic stay was held on June 10, 1986, before Bankruptcy Judge Geraldine Mund.

Judge Mund determined that the order lifting the automatic stay was not res judicata on the second Chapter 13 and denied both the motion to dismiss and the ex parte motion for relief from automatic stay. The denial of relief from the automatic stay was based on Judge Mund's finding that the prior order obtained under the first Chapter 13 petition, did not permit the sellers to conduct the foreclosure when the automatic stay from the second filed peti-

1. At this point in time, Tsafaroff and Simbas (the foreclosing creditors) and Mr. Little (the foreclosure sale purchaser) were all represented by the same attorney Mr. Vickman.

tion was in effect. She also found that relief from the stay could only be maintained after determining that the buyer Mr. Little was a bona fide purchaser and, therefore, not tainted by a foreclosure which was in violation of the automatic stay.

Not to be deterred, Mr. Little filed on July 2, 1986, a Motion to Alter or Amend Judge Mund's previous order on the motion for relief from stay. Judge Mund considered the Motion to Alter or Amend the equivalent of a motion to reconsider and after a hearing on the matter denied the motion. Judge Mund determined that the previous ex parte motion for declaratory relief was improperly brought and should have been brought as an "adversary proceeding." She also determined that Mr. Little's attorney, Mr. Vickman had "multiplied the litigation in this matter ... and has attempted to shortcut the provisions of the Bankruptcy Code and Rules...." Based on these and other findings Judge Mund imposed sanctions against Mr. Vickman in the amount of $500.

From this order denying the Motion to Alter or Amend and imposing sanctions on Mr. Vickman, Mr. Little appeals ("the first appeal").

After the filing of the first appeal, a trial was held on the debtor's complaint to set aside the foreclosure sale as void. Judge Mund determined therein that Mr. Little was a bona fide purchaser at the foreclosure sale and held the sale to be valid. Judge Mund also determined that an issue remained as to whether Mr. Little retained only a lien on the property pursuant to section 549(c) of the Bankruptcy Code concerning "fair equivalent value." This issue was taken under advisement by Judge Mund. The debtor then filed a notice of appeal with respect to Judge Mund's order deeming the foreclosure sale valid ("the second appeal"). (These appeals have been consolidated in consideration of the interrelated facts and judicial economy.)

**2.** The trial court's subsequent ruling that the foreclosure sale was valid and that there was no "willful" violation of the automatic stay does not render the second appeal moot. If Judge Rus-

## DISCUSSION.

### I.

This Panel reviews the bankruptcy court's findings of fact under a "clearly erroneous" standard, while conclusions of law are reviewed *de novo.* Bankr.Rule 8013; *Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). A bankruptcy court's decision to impose sanctions upon an attorney will be reversed only upon a showing of abuse of discretion. *In re Chisum,* 68 B.R. 471, 473 (9th Cir. BAP 1986).

### II.

In the first appeal, the issues are: 1– whether the trial court erred in holding that the prior order lifting the stay in the first Chapter 13 was not res judicata on the automatic stay arising under the second petition; and 2– whether the trial court abused its discretion in imposing sanctions upon Mr. Vickman.[2]

Mr. Little argues that the bankruptcy court erred in holding that Judge Russell's initial order lifting the automatic stay did not have res judicata effect. In support of his contention Mr. Little cites the express language of Judge Russell's order from the default judgment entered on October 16, 1985. The order states as follows:

3. That for a period of six months from the date of entry of the Judgment herein, this relief from automatic stay shall also apply, as res judicata, to any subsequent Chapter 13 cases and proceedings and to any subsequent conversions of this case, which involve the debtor herein, the subject property and the plaintiffs herein, as to conducting a foreclosure proceeding under the power of sale of the deed of trust....

4. That for a period of six months from the date of entry of the Judgment herein, this Judgment shall act as a bar against the automatic stay arising from any further Chapter 13 bankruptcy proceedings, and from any subsequent con-

sell's order is found to be res judicata on the debtor's second petition, then the foreclosure sale violated no automatic stay and thus there can be no section 549(c) issue.

versions of this case, relating to the subject real property herein and the foreclosure and unlawful detainer proceedings herein....

■ Judge Mund determined that since the order had been drafted by the attorney for Mr. Little, it would be construed strictly. Further, that the language of the order created a "gap" period prior to the entry of the order and that the debtor's second Chapter 13 petition was filed during this time period on September 27, 1985. Thus, the debtor's second petition was not filed during the six month time period "from the date of entry" of the default judgment. We agree.

A literal reading of the language in the order supports the trial court's determination that the order was intended only to apply to Chapter 13 petitions filed *"after"* the entry of the default judgment. The debtor's second Chapter 13 petition was filed on September 27, 1985. It appears that based on this filing the debtor did not attend the hearing on the complaint to lift the automatic stay held 5 days later, on October 2, 1985. As further evidence that the order was not intended to apply to the second Chapter 13 petition, is the fact that appellant brought a Motion to Amend the order before Judge Russell, however, Judge Russell refused to hear it. ER. at 54.

Construing the order strictly against the drafter Mr. Little, the trial court's finding that it was not intended to apply to the Chapter 13 petition filed on September 27, 1985, was not clearly erroneous. *See Interpetrol Bermuda Ltd. v. Kaiser Aluminum International Corp.*, 719 F.2d 992, 998 (9th Cir.1984).

■ Even if this Panel accepts Mr. Little's argument that the intent of the order lifting the automatic stay in case # 85-53242 was to apply to any and all Chapter 13 petitions filed by the debtor, it is doubtful that a bankruptcy court can enter such an order. The Bankruptcy Code creates an *automatic* stay in all bankruptcy proceedings. In a case involving a similar order, the District Court for the Eastern District of Pennsylvania determined that "a bankruptcy judge in a pending proceeding simply does not have the power to determine the automatic stay shall not be available in subsequent bankruptcy proceedings." *In re Norris*, 39 B.R. 85, 87 (E.D.Pa.1984). Similarly, a court may not enter an order enjoining a debtor from refiling bankruptcy. *In re Surace*, 52 B.R. 868, 870 (Bankr. C.D.Cal.1985).

The appellant argues that such a ruling will result in abuse of the bankruptcy process. The Bankruptcy Court has other means within its authority to prevent such abuse. *See Norris*, 39 B.R. at 87. In *Norris* the court held that if successive stays are sought by the filing of successive petitions, peremptory relief from the stay or dismissal could readily be ordered in the subsequent proceeding; and that sanctions would also be available for bad faith filings.

## B.

The appellant/Mr. Little also contends that a debtor has a right to the protection of the automatic stay "once and only once," and that the filing of the second Chapter 13 petition constitutes an abuse of the Bankruptcy Code.

This Panel, as well as many courts, has recognized that debtors may file multiple Chapter 13 petitions as long as each is filed in good faith. *E.g. In re Chisum*, 68 B.R. at 473 (citing *In re Nash*, 765 F.2d 1410, 1415 (9th Cir.1985)). The issue of whether the debtor's second Chapter 13 petition was filed in good faith was not argued before the trial court, the trial court made no findings regarding the issue, and therefore, this Panel need not address it on appeal.

## C.

■ The appellant, Mr. Little next argues the trial court erred in imposing sanctions under Rule 9011 upon his attorney Mr. Vickman. Since Judge Mund's order specifically imposed the sanctions upon Mr. Vickman, the appellant, Mr. Little is not an "aggrieved party" and lacks standing to appeal such sanctions. *Huenergardt v. Huenergardt*, 218 Cal.App.2d 455, 32 Cal. Rptr. 714 (1963). Further, this Panel can find no evidence on the record to show that

Judge Mund abused her discretion in awarding attorney fees. Judge Mund held that "[b]y the rules of this Court, ex parte hearings are allowed only in cases to enforce a prior order or stipulation...." And that the ex parte motion at issue was brought on the authority of a prior order which was not covered by the automatic stay arising under the second Chapter 13 petition. Judge Mund also determined that there was no evidence that the second Chapter 13 petition was brought in bad faith. Further, the court stated:

> [Mr. Little] is not seeking relief from stay but is really looking for a declaration that the property in question is not property of the estate by virtue of his bona fide purchaser status at the foreclosure sale. This may well be legally true, but such an action must be brought as an adversary proceeding and not as a motion.... Bankruptcy Rule 7001 specifies that an adversary proceeding is necessary to obtain a declaratory judgment relating to an interest in property. This moving party has sought to circumvent the evidentiary provisions and other safeguards involved in an adversary proceeding.

ER. at 251. Based on these findings, the trial court did not abuse its discretion in imposing sanctions of $500.00 against Mr. Vickman.

### D.

■ Finally, the appellant, Mr. Little argues that the trial court erred in not imposing sanctions upon the debtor and the debtor's attorney for the filing of the second Chapter 13 petition. As previously set forth, this argument is without merit in that it is well recognized that multiple Chapter 13 petitions may be brought by the same debtor so long as they are filed in good faith. *In re Chisum*, 68 B.R. at 473.

In the *Chisum* case, this Panel determined that the trial court did not err in refusing to impose sanctions upon a debtor who had filed three successive Chapter 13 petitions when the bankruptcy court had found that the filings were in good faith. To reiterate, there is no evidence that the debtor's second petition was made in the absence of good faith. Indeed, the record reflects that a loan had been approved which would have enabled the debtor to pay off the note in question and thus, avoid a foreclosure on her home. Given the lack of evidence that the filing of the second Chapter 13 petition was in bad faith, the trial court did not abuse its discretion in refusing to impose sanctions upon the debtor or the debtor's attorney based on that filing.

### III.

We now turn to the issues raised on the second and related appeal brought by the debtor. Did the trial court err in finding that Mr. Little was a bona fide purchaser of the subject property and refusing to impose sanctions upon Tsafaroff and Simbas for violating the automatic stay that arose upon the filing of the second Chapter 13 petition.

■ At the hearing on the complaint to set aside the foreclosure sale the debtor's attorney stated that he had no evidence that Mr. Little was not a bona fide purchaser at the foreclosure sale. There is also no probative evidence on the record to the contrary despite the debtor's assertions. The debtor, now appearing in *pro per*, contends that her attorney was negligent in failing to argue Mr. Little's BFP status. Whether her contentions have any merit, is an issue not properly before this Panel. The debtor further makes various unsupported allegations as to Mr. Little's and Mr. Vickman's dealings, however, the record before the trial court supports Judge Mund's finding that Mr. Little was a BFP and is, therefore, not clearly erroneous.

■ The trial court next determined that the creditors Tsafaroff and Simbas did not willfully violate the automatic stay by proceeding with the foreclosure sale, even though they knew of the filing of the second Chapter 13 petition. This finding was based on their reliance upon Mr. Vickman's representations that the previous order lifting the automatic stay was effective against the automatic stay arising from the second petition.

The trial court's conclusion is supported by the record. The debtor presented no evidence of a willful violation of the auto-

matic stay. In order for the debtor to recover the damages she seeks, it must be shown that the violation of the automatic stay was willful. 11 U.S.C. section 362(h). In the instant case the creditors/appellees relied on their attorney's representations that the prior bankruptcy court's order lifting the automatic stay was still effective. Further, the trial court specifically found that there was no evidence that attorney Mr. Vickman "knew of the limitation" of the initial order.

Based on these findings, Mr. Vickman's reliance on Judge Russell's order was reasonable and the violation of the automatic stay was not willful. Thus, under section 362(h) the trial court properly ruled that the foreclosure sale was valid and the parties were not subject to sanctions. The trial court's findings are not clearly erroneous, therefore, we AFFIRM.

The debtor also makes certain allegations against Mr. Vickman and Mr. Little concerning the impropriety of the foreclosure proceedings, however, that issue was specifically reserved by Judge Mund as to the debtor's possible rights under section 549(c). That issue is, therefore, not properly before this Panel.