**In re John G. TAYLOR and Patricia Ann Taylor dba Tayko Industries.**

**Bankruptcy No. 290–02835–A–11.**
**Motion No. MBB–1.**

United States Bankruptcy Court,
E.D. California.

July 17, 1990.

---

Marty Brifman, Sacramento, Cal., for Mercantile Bank.

Ronald Clark, Sacramento, Cal., for debtors.

## MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR DISMISSAL OF CHAPTER 11 CASE

### MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Chief Judge.

In the past four (4) years, the debtors, John G. and Patricia Ann Taylor, and their corporation have filed three (3) bankruptcy petitions. Needless to say multiple bankruptcy filings by the same debtor are becoming more commonplace, *See In re Jackson*, 108 B.R. 251 (Bankr.E.D.Cal.1989), and continue to be a source of concern to

this court. The present facts are a case in point.

### FACTS

The debtors, John G. and Patricia Ann Taylor, are the President and Secretary–Treasurer, respectively, of Tayko Industries, Inc. (Tayko).

*Case No. 286–06346–B–11*

On December 11, 1986, Tayko filed a chapter 11 petition (case no. 286–06346–B–11). Mercantile Bank (Mercantile) was listed as the holder of a secured claim on schedule A–2. On March 28, 1988, the court, the Honorable David E. Russell presiding, signed an order confirming Tayko's first amended plan of reorganization.

Over two years later on June 5, 1990 at a hearing to consider the motion of the I.R.S. to dismiss or convert, the chapter 11 case was converted to chapter 7. Mercantile supported the motion of the I.R.S. on the grounds that the debtor had defaulted in its payments as proposed in the confirmed plan. On July 3, 1990, Judge Russell signed the order of conversion.

*Case No. 290–00918–A–13*

The debtors filed their chapter 13 petition on February 13, 1990. Although the petition was not accompanied by the required chapter 13 statement, plan, and computer identification codes, the creditor matrix filed by the debtors shows Mercantile to be a creditor.

Mercantile filed a motion for relief from the automatic stay on March 19, 1990. The debtors and their attorney neither filed an opposition to the motion nor attended the hearing. At the conclusion of the hearing the court signed an order on April 10, 1990 granting Mercantile's motion. On April 12, 1990 the chapter 13 case was dismissed for failure to file schedules, statement of affairs, computer codes, and a schedule of current income and expenditures.[1]

---

1. In opposition to the present motion the debtors argue *inter alia* that their chapter 13 case was dismissed in error.

   On March 14, 1990 the debtors applied for and the court granted their request for an exten-

sion of time to file the chapter 13 statement, plan, and computer identification codes. The order provided that the debtors would have an additional thirty (30) days in which to file the papers. Thus, it appears that the deputy clerk

**730**

*Case No. 290–02835–A–11*

Undaunted, the debtors, through different counsel, filed a chapter 11 case on May 2, 1990. Mercantile promptly filed its motion for relief from stay, or in the alternative, for dismissal on June 1, 1990.

■ Mercantile sets forth the history of these three cases and requests that the court take judicial notice of the proceedings in the corporate filing and of the chapter 13 and chapter 11 cases filed by the individuals. The court grants Mercantile's request for judicial notice.

### DISCUSSION

■ Mercantile obtained a valid order terminating the automatic stay in the prior chapter 13 case which was not appealed and which should have validity in the present chapter 11 case.

■ The legal doctrine of res judicata applies when,

[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

*Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327 (9th Cir.1981) *citing Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Johnson v. Mateer,* 625 F.2d 240, 243 (9th Cir.1980). A judgment by default is considered a judgment on the merits for purposes of res judicata. *In re Bystrek,* 17 B.R. 894, 896 (Bankr.E.D.Pa.1982); J. Moore, A. Vestal, P. Kurland, 3 *Moore's Manual* sec. 36.04[8] (1989). The key factors are that there must have been notice and an opportunity to be heard. *Bystrek,* 17 B.R. at 896.

The Ninth Circuit has yet to decide the question whether a bankruptcy court order lifting the automatic stay in favor of a creditor in one bankruptcy case is effective to lift the stay imposed upon filing by the same debtor of a second bankruptcy case. In a case coincidentally called *In re Taylor,* 884 F.2d 478, 481 (9th Cir.1989), the Ninth Circuit refused to reach that broad question. It is important to note, however, that the court in *Taylor* expressly disapproved of the sweeping statement made by the Ninth Circuit Bankruptcy Appellate Panel regarding the res judicata effect of stay lift orders. *Id.*[2]

Other cases which have considered this issue have held that a stay relief order in a prior bankruptcy proceeding is res judicata. *Jefferson v. Mississippi Gulf Coast YMCA, Inc.,* 73 B.R. 179 (S.D.Miss.1986); *In re Vita,* 82 B.R. 244 (Bankr.S.D.N.Y. 1988); *In re Bradley,* 38 B.R. 425 (Bankr. C.D.Cal.1984); *In re Bystrek,* 17 B.R. 894 (Bankr.E.D.Pa.1982).

This court agrees with the weight of authority and thus will grant Mercantile's motion for relief from the automatic stay. The motion for relief was served properly on the debtors and their counsel at that time. It appears that the debtors had notice and an opportunity to oppose the motion but chose not to file an opposition or appear at the hearing. The order granting Mercantile's motion is one on the merits.

Important policy considerations underlie this court's decision today. It is obvious that debtors who file multiple bankruptcy petitions are engaging in gamesmanship with only one purpose—to delay or forestall the rights of secured creditors. When one of the key themes throughout the Code is *equality* of distribution, multiple filings simply are unfair and fly in the face of one

---

**2.** In footnote 3 the Ninth Circuit stated that the bankruptcy appellate panel (BAP) "clearly reached way beyond the facts of the instant case to announce a generally applicable rule regarding preclusion." 884 F.2d at 481. The BAP had

stated that "it is doubtful that a bankruptcy court can enter" an order lifting the automatic stay that would have a res judicata effect in all proceedings brought under chapter 13 by the same debtor. *In re Taylor,* 77 B.R. 237, 240 (Bankr. 9th Cir.1987).

In light of the disapproval voiced by the Ninth Circuit, this court finds that the BAP's holding regarding res judicata in *Taylor* is of questionable precedential value.

of the reasons why the Code was enacted. The litigation generated by these filings adds to the cost of representing parties before the bankruptcy court. This litigation, in turn, causes delay and essentially casts disrepute upon the entire bankruptcy system.

This court's opinion today is meant to give a measure of relief to a secured creditor who has obtained a valid, final judgment or order on the merits lifting the automatic stay. Provided all elements for the application of res judicata are present, a debtor will not be able to overcome the effect of this legal doctrine merely by filing another petition.

CONCLUSION

The court grants that part of Mercantile's motion which requests relief from the automatic stay. This Memorandum Opinion and Decision shall constitute findings of fact and conclusions of law. Counsel for Mercantile shall prepare and submit an order consistent with this decision.