967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SEED-FAITH CHURCH OF GOD, Plaintiff,
and
Curtis R. Richmond, Plaintiff-Appellant,
v.
PRELIMINARY HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF SAN
DIEGO, a corporation; Liberty Thrift & Loan Company, a
corporation; T.D. Service Company, a corporation; Internal
Revenue Service; Franchise Tax Board of the State of
California; James A. Hatton; Francis Wing-Hong; Donald R.
Becker Incorporated; Universal Life Church # 30276; Leon
Vickman; United States of America, Defendants-Appellees.
 
 No. 91-55994.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 10, 1992.
 Before D.W. NELSON, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Seed-Faith Church of God ("Church") and Curtis Richmond appeal the district court's denial of their Fed.R.Civ.P. 60(b) motion for relief from that court's earlier order requiring them and Barbara Richmond to obtain court approval before filing any new civil actions relating to real property located in Solana Beach, California. We affirm.
 
 I. Motion to File a New Quiet Title Action
 
 3
 The Church and Richmond argue that the district court erred in denying their Rule 60(b) motion to set aside the July 5, 1990 order restricting the filing of any lawsuits or motions in relation to the Solana Beach property. They essentially argued to the district court that they were entitled to file a new quiet title action due to five newly discovered pieces of evidence.
 
 
 4
 Fed.R.Civ.P. 60(b) allows relief from a final judgment or order due to, inter alia, newly discovered evidence, fraud, or a void judgment. Whether we construe Richmond's motion as a request for permission under the district court's July 5, 1990 order to file a new quiet title action or as a request to set aside the July 5, 1990 order under Rule 60(b), our review is for an abuse of discretion. See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1337-38 (9th Cir.1986) (reviewing denial of Rule 60(b) motion for abuse of discretion); cf. Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir.1991) (reviewing denial of permission for leave to amend complaint for abuse of discretion). Our function in reviewing a denial of a Rule 60(b) motion is "not to determine whether the court was substantially correct in entering the judgment from which relief is sought, but is limited to deciding whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown." Lafarge Conseils, 791 F.2d at 1338.
 
 
 5
 The new evidence presented does not remedy the district court's lack of subject matter jurisdiction over the desired quiet title action. As we discussed in Seed Faith Church of God v. Preliminary Home Fed. Savings & Loan Ass'n of San Diego, et al. No. 90-55811 (9th Cir. June 4, 1991), the United States did not have a title or lien interest in the Solana Beach property at the time Richmond filed the quiet title action on February 23, 1990. See 28 U.S.C. § 2409a(a) (United States may be named as a defendant in an action to quiet title to real property in which it claims an interest). Hence, there was no waiver of sovereign immunity. The district court therefore correctly denied permission to file a new quiet title action or to set aside the July 5, 1990 order under Rule 60(b).
 
 
 6
 Even assuming the district court had subject matter jurisdiction to entertain a new quiet title action, the new evidence would not warrant relief from the July 5, 1990 order. We address each piece of evidence in turn.
 
 A. November 1990 Bankruptcy Discharge
 
 7
 Appellants argue that the November 30, 1990 Chapter 7 bankruptcy discharge establishes: 1) that the Richmonds had the right to file a bankruptcy petition on June 27, 1989, 2) that this petition effectuated an automatic stay protecting the Solana Beach property from foreclosure under 11 U.S.C. § 362, and 3) that creditor Liberty Thrift and Loan ("Liberty") thus violated the automatic stay when it foreclosed on the Solana Beach property on June 27, 1989. This allegedly shows that Bankruptcy Judge Hargrove's order of January 24, 1989 was void, to the extent that it prospectively lifted automatic stays operating on the property in all bankruptcy proceedings brought by the Richmonds. See E.R., Ex. 2, pp 3, 4.
 
 
 8
 As an initial matter, the appellants misunderstand the nature of Judge Hargrove's order. His order did not prohibit the Richmonds from filing another bankruptcy; rather, it only ordered that the relief from stay granted to Liberty would apply, as res judicata, to any future bankruptcy proceedings involving the Solano Beach property, the Richmonds, and Liberty and its assignees or successors in interest. Hence, even if the November 1990 discharge establishes that the Richmonds were entitled to file a new bankruptcy petition, this "new evidence" does not render either Judge Hargrove's or Judge Gilliam's order void and does not warrant Rule 60(b) relief.
 
 
 9
 Furthermore, contrary to the appellants' belief, In re Taylor, 884 F.2d 478 (9th Cir.1989) does not establish that Judge Hargrove's order was beyond his jurisdiction. In Taylor, this court held that a bankruptcy court must have subject matter jurisdiction in order to grant a creditor's request for relief from a § 362 automatic stay. Because the stay lift order was entered after another bankruptcy judge had dismissed the underlying bankruptcy action and the adversary action itself, we held that the bankruptcy court exceeded its jurisdiction in entering a stay lift order. Id. at 481-82.
 
 
 10
 Appellants apparently believe that Taylor decided an issue which, in fact, it expressly declined to address: "[W]hether a bankruptcy court order lifting the automatic stay in favor of a creditor in one bankruptcy proceeding is ever effective to lift the stay imposed upon filing by the same debtor of a subsequent petition in bankruptcy." Taylor, 884 F.2d at 481. In fact, the Taylor court disapproved of BAP's broad language which suggested that a bankruptcy court could not enter a stay lift order that would apply, under res judicata principles, in all bankruptcy proceedings brought by the same debtor. Id. at 481 n. 3. Thus, Taylor did not render paragraphs 3 and 4 of Judge Hargrove's order void. Furthermore, In re Taylor, 116 B.R. 728 (Bankr.E.D.Cal.1990), which was decided subsequent to the unrelated Ninth Circuit Taylor case, has expressly approved of such prospective application of a stay lift order. Id. at 730. Disapproving of debtors who file multiple bankruptcy petitions only to delay or to forestall the rights of secured creditors, the court held that a debtor could not overcome the effect of res judicata merely by filing another bankruptcy petition. Id. at 730-31.
 
 
 11
 Appellants also contend that the bankruptcy court lacked jurisdiction over the property on January 24, 1989, because the trustee in bankruptcy abandoned the property on January 4, 1989. See Appellants' Reply Br. at 2. Assuming without deciding that upon abandonment the property would have reverted back to original owner Universal Life Church # 30276 ("Universal"), as appellants claim,[1] such abandonment would not have divested the bankruptcy court of jurisdiction over this property. Given that court's finding that the 1980 property conveyance to Universal was fraudulent and that Universal was the alter ego of the Richmonds, see C.R. 36, Ex. 1, the Solana Beach property would have been considered the property of the Richmonds. As property of the debtors, the automatic stay on the property would have remained in effect under 11 U.S.C. § 362(a)(5), which independently protects the debtor from a wide variety of actions against his or her property, including judicial or private foreclosure. See In re Coronado, 11 B.R. 8, 9 (Bankr.D.Ariz.1981). See also In re D. Papagni Fruit Co., 132 B.R. 42, 45 (Bankr.E.D.Cal.1991) (even if property of the estate reverts back to property of the debtor, the automatic stay remains in effect until the case in closed, dismissed, or a discharge is granted or denied); H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 343 (1977), reprinted in 1978 U.S.S.C.A.N. 5787, 6299 (although 11 U.S.C. § 362(c)(1) terminates an automatic stay when the subject property is no longer property of the estate, that section "does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor."). Hence, the alleged abandonment of the property did not deprive the bankruptcy court of jurisdiction.
 
 
 12
 Because the November 1990 bankruptcy discharge did not render either Judge Gilliam's or Judge Hargrove's orders void, we conclude that the district court did not abuse its discretion in refusing to set aside on this basis its July 5, 1990 order.
 
 B. Section 105 of the Bankruptcy Code
 
 13
 Rule 60(b)(2) authorizes a court to provide relief from a final judgment or order based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Section 105 of the Bankruptcy Code easily could have been discovered by appellants and thus cannot be considered to be "newly discovered evidence." Assuming it is relevant, it should have been presented to Judge Gilliam during the February 1990 action to quiet title.
 
 
 14
 C. Barbara Richmond's Affidavit and IRS Brief
 
 
 15
 The appellants next contend that the injunction against the Richmonds prohibiting the filing of additional suits, motions, or pleadings related to the Solana Beach property without prior permission of the court, was void under Fed.R.Civ.P. 65(d). They argue that Barbara Richmond's affidavit and a passage in the IRS's appeal brief in a companion case, Seed-Faith Church of God v. Preliminary Home Fed. Savings & Loan Ass'n of San Diego, et. al., No. 90-55811 (9th Cir. June 4, 1991), constitute new evidence that the Richmonds were not parties to the quiet title action filed in February 1990 and, thus, not subject to the injunction issued under Rule 11.
 
 
 16
 Fed.R.Civ.P. 65(d) states that an injunction is binding only upon "the parties to the action, their officers, agents, ... and upon those persons in active concert or participation with them." (emphasis added). The district court expressly found that the Seed-Faith Church is and always has been the alter ego of Curtis and Barbara Richmond. The Richmonds are thus bound by the injunction. Therefore, the Barbara Richmond affidavit and the IRS brief do not constitute new evidence justifying Rule 60(b) relief from the July 1990 order.
 
 
 17
 D. Alleged Fraud by Attorneys Vickman and Strachan
 
 
 18
 Finally, appellants argue that the actions of attorneys Leon Vickman and Neil Strachan perpetrated fraud on the court and warrant relief from the July 5, 1990 order under Rule 60(b)(3). Appellants specifically refer to Strachan's advice to Richmond not to oppose Liberty's relief from stay motion in January 1989 and, apparently, to Vickman's conduct in drafting, on behalf of his client Liberty, the January 1989 bankruptcy court order with the objectionable prospective stay lift provisions.
 
 
 19
 Appellants mistakenly believe that this court sanctioned Vickman in the Taylor case. Although the bankruptcy judge in Taylor had imposed sanctions against Vickman, we remanded this issue to the bankruptcy court for reconsideration of its sanction order. See Taylor, 884 F.2d at 485. In any event, the bankruptcy court apparently sanctioned Vickman for reasons not relevant here, such as bringing an improper ex parte motion seeking declaratory relief. Id. at 484. In regards to Strachan, his allegedly negligent advice does not rise to the level of fraud which would justify disturbing the final order of July 5, 1990, which appellants failed to appeal. Accordingly, we find that the district court did not abuse its discretion in concluding that the alleged fraud did not justify Rule 60(b) relief from its earlier judgment and order.
 
 
 20
 II. Permanent Injunction Against Filing Future Actions
 
 
 21
 We also review for abuse of discretion the district court's denial of the appellants' motion to "expunge" the July 5, 1990 order enjoining the Richmonds and their alter egos from filing any further suits regarding the Solana Beach property. The appellants failed to file a timely appeal from the July 5, 1990 order. See Fed.R.App.P. 4(a)(1) (notice of appeal must be filed in the district court within 60 days after the date of entry of the order if the United States is a party). Instead, they filed a motion to "expunge" the pre-filing restriction order when they sought permission to file a new quiet title action on January 15, 1991. Accordingly, we treat this as a Rule 60(b) motion for relief from the injunction, as the appellants do on appeal. In reviewing a denial of a Rule 60(b) motion, we reiterate that our function is not to determine whether the district court was substantially correct in entering the judgment from which relief is sought, but only to decide whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown. Lafarge Conseils, 791 F.2d at 1338.[2]
 
 
 22
 The new evidence and alleged fraud which the appellants present do not justify granting Rule 60(b) relief from the order enjoining the filing of any further suits or pleadings relating to the Solana Beach property without the district court's permission. As we discussed above, the appellants' reliance on the November 1990 bankruptcy discharge as grounds for relief from the July 5, 1990 order stems from a misunderstanding of Judge Hargrove's order and the holding in Taylor. This bankruptcy discharge does not affect any of the findings of fact and conclusions of law which Judge Gilliam set forth as the basis for his injunction. See C.R. 47; E.R., Ex. 5. The appellants' four other pieces of evidence also do not warrant Rule 60(b) relief from the sanctions for the reasons discussed earlier.
 
 
 23
 For the reasons set forth above, the district court's denial of the Rule 60(b) motion for relief from its July 5, 1990 order is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also assume without deciding that the abandonment was effective. Abandonment of property of the estate requires notice and a hearing. See 11 U.S.C. § 554 (1988). The record does not indicate whether such a hearing took place
 
 
 [2]
 Accordingly, we decline to address whether the district court's permanent injunction satisfied the requirements set forth in DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990), as would be necessary if we were reviewing a direct appeal of the injunction