**In re Frederick L. EDWARDS, Debtor.**

**Bankruptcy No. 97–38960–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 2, 1998.

James E. Kane, Chaplin, Papa & Gonet, Richmond, VA.

John D. McIntyre, Wilcox & Savage, P.C., CenterNorfolk, VA.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case involves the applicability and enforceability of a consent order entered by the court on December 6, 1996, in the debtor's last previous chapter 13 case which granted Cenit Bank, F.S.B., relief from stay in that case and prospective relief from stay in any subsequent bankruptcy filing by debtor.[1] The relief from stay order involved

1. In this regard the order provided as follows:

It is further ORDERED that any relief granted in accordance with this Order shall inure to the benefit of Cenit and shall continue in full force and effect through any conversion of this case or any subsequent filing by the Debtor of a bankruptcy petition under any chapter of the United States Bankruptcy Code.

debtor's residence located in Chesterfield County, Virginia.

Debtor filed the instant chapter 13 case on December 29, 1997, one day before Cenit's scheduled foreclosure sale of debtor's residence. Debtor's counsel immediately notified Cenit of debtor's new chapter 13 case, but Cenit went ahead with the foreclosure as scheduled on December 30, 1998.

The case is now before the court on debtor's motion against Cenit pursuant to 11 U.S.C. § 362(h) to show cause for willful violation of the automatic stay. Cenit's opposition to the motion is based upon the consent order of December 6, 1996.

Although the state of the law on the enforceability of bankruptcy court orders granting prospective relief from the automatic stay is currently unsettled, the use of prospective relief is becoming an increasingly frequent response by bankruptcy courts to the proliferation of serial bankruptcy filings, of which the present case is illustrative.[2] *See, Little v. Taylor (In re Taylor)*, 77 B.R. 237 (9th Cir. BAP 1987), *aff'd in part and rev'd on other grounds*, 884 F.2d 478 (9th Cir.1989); *In re Felberman*, 196 B.R. 678 (Bankr.S.D.N.Y.1995); *Abdul–Hasan v. Firemen's Fund Mortgage, Inc. (In re Abdul–Hasan)*, 104 B.R. 263 (Bankr.C.D.Cal.1989); Spencer Zane Baretz, Note, *Combating the Chapter 13 Serial Filer: An Argument for Orders Containing Prospective Relief From the Automatic Stay Provision*, 25 Hofstra L.Rev. 1315 (1997); Luis F. Caves, *In Rem Bankruptcy Refiling Bars: Will They Stop Abuse of the Automatic Stay Against Mortgagees*, 24 Cal. Bankr.J. 1 (1998).

Additionally, it is undisputed that in debtor's prior case, he consented to an order granting prospective relief from stay which was unappealed and is final. Since the Supreme Court's ruling in *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), courts are more likely to uphold the finality of bankruptcy court orders against later collateral attack. *See*

---

**2.** Debtor's history of chapter 13 cases filed to halt threatened foreclosures by Cenit is as follows: (1) March 11, 1991; dismissed February 12, 1992; (2) January 6, 1993; dismissed January 6, 1994; (3) chapter 13 filing by debtor's

*Spartan Mills v. Bank of America, Ill.*, 112 F.3d 1251, 1255 (4th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 417, 139 L.Ed.2d 319 (1997).

Here, Cenit's postpetition foreclosure was authorized by the prior consent order. Accordingly, the court cannot find that Cenit willfully violated the automatic stay and will not impose sanctions.

IT IS THEREFORE ORDERED that Frederick L. Edwards motion to show cause is denied.

spouse, Lucinda Edwards, November 18, 1993; discharged May 10, 1997; (4) September 10, 1996; dismissed December 10, 1997; (5) December 29, 1997.