**In re Douglas E. PLYMOUTH, Debtor.**

**Bankruptcy No. 98–32515–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 28, 1998.

Kristin Blair, Shapiro & Burson, Virginia Beach, VA, for Wilshire.

Michael J. Champlin, Richmond, VA, for Debtor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held July 22, 1998, on Wilshire Credit Corporation's motion to dismiss

with prejudice and Wilshire's objection to proposed chapter 13 plan and confirmation thereof. The parties agreed at the commencement of hearing that Wilshire's plan objection could be sustained and a separate order to that effect has been entered today. For the reasons stated in this memorandum opinion, the court will deny Wilshire's motion to dismiss with prejudice on the conditions as set forth herein.

## Findings of Fact

Debtor's bankruptcy filing history with this court is as follows:

| Chapter | Case Number | Date Filed | Result |
| --- | --- | --- | --- |
| 13 | 93–31184 | 3/18/93 | dismissed 4/7/93 |
| 13 | 93–32062 | 5/13/93 | dismissed 6/15/93 |
| 13 | 94–32489 | 7/8/94 | dismissed 8/12/94 |
| 13 | 94–33545 | 10/5/94 | dismissed 10/21/94 |
| 13 | 95–30105 | 1/10/95 | dismissed 2/2/95 |
| 7 | 96–34927 | 9/10/96 | discharge 1/5/97 |
| 13 | 97–31883 | 3/17/97 | dismissed 4/4/97 |
| 13 | 97–35738 | 8/18/97 | dismissed 1/14/98 |
| 13 | 98–32515 | 4/3/98 | pending |

At some point debtor's mortgage loan on his principal residence, which he has had since 1976, was sold by his mortgage company, and beginning in 1992 debtor was unable to locate any entity that owned the note and that would accept his mortgage payments. In September 1995 debtor and his wife, as part of divorce proceedings, attempted to sell their home but could not; no one could locate a mortgagee to acquire a payoff figure and who would accept the payoff, including, apparently, debtor's closing attorney involved in the sale.

In March 1996 debtor was contacted by Wilshire Credit Corporation, the current holder of the note secured by debtor's residence. At that time, Wilshire demanded payment in full on the note; Wilshire had accelerated the payments due on the note after debtor's default. At that time debtor attempted to make arrangements to pay off the arrearages through a series of monthly payments but Wilshire refused. Debtor's chapter 7 petition filed September 10, 1996, followed and debtor received a chapter 7 discharge on January 5, 1997. Two more chapter 13 petitions were then filed on March 17, 1997, and August 18, 1997, and the instant petition was filed on April 3, 1998. Debtor did not make any of his monthly regular mortgage payments of $367.20 during the time he was in bankruptcy, nor did he make any payments while he was not in bankruptcy. Debtor testified that he did not make payments because Wilshire would not accept any monthly payments, even while debtor was in bankruptcy. Debtor has not made any monthly payments to the trustee or to Wilshire during this case. However, he stated that he has available the necessary amounts and is prepared to bring the post petition payments current both to the trustee and to Wilshire.

Wilshire filed a proof of claim in this case for $62,123.76 which includes a total arrearage of $41,609.35 including interest.

## Conclusions of Law

It is apparent from debtor's filing history that he can be considered a serial filer, and this most recent filing could be dismissed with little or no additional showing of bad faith. However, the movant is the current holder of the deed of trust on debtor's principal residence. And as reflected in the facts stated above, the conduct of the holder or holders of this deed of trust has been less than exemplary.

Accordingly, in light of debtor's experience with his mortgagee, the length of time debtor has been in his residence, and the amount of equity in debtor's residence, the court will not dismiss debtor's case with prejudice at this time on grounds of bad faith. Instead, the court will deny Wilshire's motion and allow debtor to seek confirmation of a plan. The continuation of this case is subject to the following conditions:

(1) Within 30 days from entry of this order, the debtor must become and remain current on his plan payments due to the chapter 13 trustee and to Wilshire for all post petition regular monthly payments.

(2) Within 10 days debtor must amend his plan (a) to provide for a mandatory yearly accounting of his income and expenses to the chapter 13 trustee, and (b) to require debtor to pay over any surplus income at the end of each plan year to the chapter 13 trustee.

(3) Debtor must achieve confirmation of a chapter 13 plan within a reasonable time and fully pay any confirmed chapter 13 plan.

(4) If debtor fails to comply with any of these conditions, his case will be dismissed with prejudice as described below.

In order to avoid the same problem that occurred in 1992, the court will order that Wilshire notify debtor and his counsel in writing of any change in ownership of the note on debtor's residence within 15 days of the change in ownership. The notification must clearly delineate the name of the new noteholder, the new noteholder's address, and a telephone number for the new noteholder. Accordingly,

IT IS ORDERED that Wilshire Credit Corporation's motion to dismiss with prejudice is CONDITIONALLY DENIED as set out in this order.

IT IS FURTHER ORDERED that debtor must become current on all post petition payments due to the chapter 13 trustee and Wilshire Credit Corporation within 30 days of the date of this order.

IT IS FURTHER ORDERED that within 10 days after entry of this order, debtor must file an amended chapter 13 plan providing that each year on the anniversary of plan confirmation, debtor will provide to the chapter 13 trustee a statement of his income and expenses for the preceding year. Further, the plan must provide that any excess income over the debtor's plan budget will be paid to the chapter 13 trustee within 30 days following the end of each plan year.

IT IS FURTHER ORDERED that this case will be dismissed with prejudice upon any of the following events:

(1) If the debtor becomes more than 30 days past due with either the chapter 13 trustee payments or payments to Wilshire Credit Corporation, debtor's case will be dismissed with prejudice upon notice by the trustee or Wilshire. Either the trustee or Wilshire may submit an order of dismissal pursuant to this paragraph, with notice to the debtor and debtor's counsel. The court may in its discretion dismiss the case without hearing.

(2) If within 60 days of this order the court has not entered an order of confirmation of debtor's chapter 13 plan or if the debtor fails to complete payment of any confirmed plan. (The 60 day period may be extended upon motion by debtor filed within the 60 day period.)

IT IS FURTHER ORDERED that if this chapter 13 case is dismissed with prejudice, the dismissal order will provide that debtor may not refile another bankruptcy case within 180 days of dismissal and also that any subsequent bankruptcy filing by debtor within 180 days will not operate as an automatic stay as to the deed of trust presently held by Wilshire Credit Corporation.[1]

---

1. As authority for this ruling which amounts to a sanction, the court relies upon the court's equitable powers under 11 U.S.C. § 105. The case law on prospective relief from the stay is unsettled. *See, Little v. Taylor (In re Taylor)*, 77 B.R. 237 (9th Cir. BAP 1987), *aff'd in part and rev'd on other grounds*, 884 F.2d 478 (9th Cir.1989); *In re Felberman*, 196 B.R. 678 (Bankr.S.D.N.Y.1995); *Abdul–Hasan v. Firemen's Fund Mortgage, Inc. (In re Abdul–Hasan)*, 104 B.R. 263 (Bankr.

IT IS FURTHER ORDERED that if Wilshire Credit Corporation transfers ownership of the note secured by debtor's residence at any time in the future, Wilshire must notify debtor and his counsel in writing and include the name, address, and telephone number of the new owner of the note within 15 days of the change in ownership.

IT IS FURTHER ORDERED that this order will become a part of any order of confirmation entered in this case.

Nothing in this order precludes any party from objecting to confirmation of a proposed chapter 13 plan on grounds other than debtor's bad faith.

C.D.Cal.1989); Spencer Zane Baretz, Note, *Combating the Chapter 13 Serial Filer: An Argument for Orders Containing Prospective Relief From the Automatic Stay Provision,* 25 Hofstra L.Rev. 1315 (1997); Luis F. Chaves, *In Rem Bankruptcy Refiling Bars: Will They Stop Abuse of the Automatic Stay Against Mortgagees,* 24 Cal. Bankr.J. 1 (1998).